34981, 35037. MARCOIN, INC. v. WALDRON; and vice versa.

BOWLES, Justice.

In this case, we again consider the validity of a restrictive covenant in an employment agreement. Marcoin, Inc., the employer, provides counseling and

general business services to small businesses, primarily gasoline service stations. Waldron was employed by Marcoin in its Atlanta office as a business counselor and serviced approximately fifty clients. Included in Waldron's employment agreement was the following restrictive covenant:

"1. Employee agrees that he will not, in any way directly or indirectly, at any time while in the employ of Employer or within two (2) years after the termination of his employment, whether such termination be voluntary or involuntary, solicit, divert, take away or attempt to solicit, divert or take away from Employer, any of the customers of Employer that were served by Employee during the term of his employment, or whose names and/or addresses become known to Employee in any manner during the term of his employment, providing that Employer or any person deriving title to the business of Employer carries on a similar business in the aforesaid territory. Employee further agrees that he will not, during his employment or within (2) years thereafter, attempt to seek to cause any of the customers of Employer to refrain from patronizing Employer and will not assist any other person or persons to do so."

Waldron left his employment, became self-employed and within a month was providing services to at least 18 of the 50 clients he had serviced as Marcoin's employee. Marcoin sought an injunction and Waldron answered (a) denying the violation of the covenant and (b) alleging that the restrictive covenant was void and unenforceable.

The trial court denied the injunction finding as a fact that Waldron had taken no *affirmative action* to take these clients away from Marcoin and concluding as a matter of law that affirmative action was required for a violation of the covenant. Marcoin contends that the fact that the clients are being serviced by Waldron constitutes a violation. The trial court also concluded as a matter of law that the restrictive covenant was enforceable, being limited in time, territory and not otherwise unreasonable.

Marcoin appeals alleging the trial court erred in denying the injunction. Waldron cross appeals alleging the trial court erred in holding the restrictive covenant enforceable.

We affirm both holdings.

1. We agree with the trial court that the words "solicit," "divert" and "take away" require affirmative action on the part of an employee before a restrictive covenant prohibiting such conduct is violated. If an employer wishes to prevent a former employee from *accepting* business from former clients of the employer such language can be made part of the covenant. See *Coffee System of Atlanta v. Fox,* 226 Ga. 593, 594 (176 SE2d 71) (1970).

The trial court did not err in refusing to grant the injunction.

2. Restrictive covenants in employment contracts, being in partial restraint of trade, are enforceable only if strictly limited in time and territorial effect and are otherwise reasonable considering the business interest of the employer sought to be protected and the effect on the employee. *Fuller v. Kolb,* 238 Ga. 602 (234 SE2d 517) (1977); See also *National Linen Service Corp. v. Clower,* 179 Ga. 136, 145 (175 SE 460) (1934).

The time limitation in this covenant is two years. The territorial limitation was set out in the beginning of the agreement and included 14 counties of the metropolitan Atlanta area in which Marcoin either had clients presently or had had clients and was actively soliciting clients again. The relevant business activities under restriction were described in the beginning of the agreement and were sufficiently definite to notify Waldron of his obligations upon termination of his agreement. Considering that at the time he left, Waldron was the only business counselor servicing this 14 county area,[1] Marcoin had a legitimate business interest to protect in preventing Waldron from leaving and encouraging clients to leave with him. We note that the effect of the covenant on this employee is, in fact, slight since Waldron is entitled to compete with Marcoin and even service its former clients so long as he takes no

---

[1]At one point three counselors were servicing the area.

affirmative action in getting them.

The trial court did not err in finding the restrictive covenant enforceable. See *Coffee System of Atlanta v. Fox,* supra; *Orkin Exterminating Co. v. Mills,* 218 Ga. 340 (127 SE2d 796) (1962); *Northeast Ga. Artificial Breeders Assn., Inc. v. Brown,* 209 Ga. 547 (74 SE2d 660) (1953).

*Judgments affirmed. All the Justices concur.*

ARGUED JUNE 12, 1979 — DECIDED SEPTEMBER 7, 1979.

*William R. Bassett, Harvey M. Koenig,* for appellant.

*Alston, Miller & Gaines, W. T. Walsh, John C. Weitnauer,* for appellee.