## 37949. HANCOCK v. FICKLING & WALKER INSURANCE AGENCY, INC.

MARSHALL, Justice.

This is a suit for enforcement of a restrictive covenant contained in an employment contract. The trial court entered an order temporarily enjoining the defendant from breaching this covenant. We affirm.

The defendant, Ken H. Hancock, was employed by the plaintiff, Fickling & Walker Insurance Agency, d/b/a Tifton Insurance Agency, as the vice-president and manager of its Tifton office. In that capacity, the defendant had access to certain proprietary customer information of the plaintiff, such as policy rates, policy termination dates, and insurance quotes. The parties entered into an employment contract on November 17, 1977.

The restrictive covenant is contained in Paragraph 6(g), which states: "Employee covenants and agrees that, except as an officer, employee, agent or sub-agent of Agency, during the term of his employment by Agency, or during a period of two years after such employment ceases (whether an employee leaves voluntarily or is terminated with or without cause by Agency) he will not engage in the business of selling policies of life, property or casualty insurance or fidelity or surety bonds to any current or future policyholder of Agency in Tift, Cook, Berrien, Atkinson, Irwin, Ben Hill, Turner, Wilcox, Crisp, Worth or Sumter Counties, Georgia or within the city

limits of Tifton, Georgia (whether such policies or bonds are to be issued or written by him or by any other person, firm, association, corporation or company) either as an employee, officer, agent or sub-agent of any other person, corporation, partnership or firm, or as a sole proprietor or as a partner or as a stockholder or officer of a corporation engaged in such business or as a member or co-owner of any other form of business organization; provided, however, the foregoing covenant shall not apply to any life, property or casualty insurance policyholder or fidelity or surety bond holder who were customers of Employee prior to November 17, 1977."

On December 7, 1977, the plaintiff wrote the defendant a letter to confirm their discussions concerning the meaning of the phrase "any current or future policyholder . . ." under the foregoing restrictive covenant. In the course of this letter, it was stated: "You are only prohibited from soliciting additional insurance from those insureds for a period of two years from said date of termination."

The defendant's employment with the plaintiff was terminated on March 31, 1981. The defendant then opened his own insurance agency in Tifton, and he began a newspaper and radio advertising campaign. On April 22, 1981, the plaintiff filed this suit, alleging that the defendant was violating the restrictive covenant contained in the parties' employment agreement. The plaintiff prayed for a temporary and permanent injunction, declaratory relief, and damages.

A temporary injunction hearing was conducted. At this hearing, evidence was introduced that after the defendant was terminated by the plaintiff, one of the plaintiff's policyholders, Charles Womack, talked with the defendant. He told the defendant that his insurance policy with the plaintiff was coming up for renewal, and he asked the defendant to handle his insurance business. Although the defendant did not write Mr. Womack's insurance policy, he did arrange for another insurance agency to write the policy by contacting the other insurance agency and furnishing the necessary information. However, the defendant did not share in the commission. At the hearing below, the defendant testified that although he would not solicit business from policyholders of the plaintiff, he would accept their business if they came to him.

Finding that a justiciable controversy exists between the parties, the trial court ruled as follows: The plaintiff has not breached the parties' agreement; the restrictive covenant is not void for any of the reasons contended by the defendant, and the time and territorial limitations contained therein are reasonable; the restrictive covenant has not been amended or modified by the parties; and the defendant has violated the restrictive covenant, although not intentionally.

Based upon this, the trial court temporarily enjoined the defendant from "engaging in any manner in the business of selling insurance to any policy-holders of plaintiff who were policyholders as of March 31, 1981."

In this appeal, the defendant argues: (1) the plaintiff has breached the parties' agreement through changes in the defendant's compensation and through the manner in which the defendant's termination was effective; (2) the restrictive covenant was amended by the letter of December 7, 1977; (3) the defendant has not breached the restrictive covenant; and (4) under the trial court's order, the defendant is prohibited from engaging in the insurance business in any capacity, and this is unreasonable under cases exemplified by *Hudgins & Co. v. Cole,* 247 Ga. 182 (1) (274 SE2d 462) (1981) and cits. *Held:*

1. Under the trial court's order, the defendant has not been prohibited from engaging in the insurance business in any capacity. Rather, he has been temporarily enjoined from engaging in any manner in the business of selling life, property or casualty insurance or fidelity or surety bonds, to any policyholders of the plaintiff who were policyholders as of March 31, 1981. We cannot say that the trial court erred in ruling that this restraint is reasonably required to protect the interests of the plaintiff. See generally, *Johnson v. Lee,* 243 Ga. 864 (257 SE2d 273) (1979); *Edwards v. Howe Richardson Scale Co.,* 237 Ga. 818 (229 SE2d 651) (1976) and cits. Therefore, the order of the trial court sustaining the validity of this restrictive covenant and temporarily enjoining the defendant from violating it is affirmed.

2. The remaining rulings of the trial court, which constitute resolutions of disputed issues of fact, are supported by the evidence. However, "the trial court in an interlocutory order is without authority to adjudicate with finality issues of fact. *Oliver v. Forshee,* 224 Ga. 200 (1) (160 SE2d 828) (1968). Therefore, the findings of the trial judge in the interlocutory order will not be considered final as they are not conclusive between the parties on the final trial. *Bradley v. Roberts,* 233 Ga. 114 (210 SE2d 236) (1974). "*Carter v. Puckett,* 237 Ga. 494 (228 SE2d 878) (1976).

*Judgment affirmed. All the Justices concur, except Weltner, J., not participating.*

DECIDED NOVEMBER 18, 1981 —
REHEARING DENIED DECEMBER 15, 1981.

*Simpson & Gray, Ralph F. Simpson,* for appellant.

*Hall, Bloch, Garland & Meyer, Ben Garland, Reinhardt, Whitley & Rogers, Bob Reinhardt,* for appellee.