## 38028. UNITED SEAL & RUBBER COMPANY, INC. v. BUNTING et al.

CLARKE, Justice.

This is an appeal from a denial of an interlocutory injunction. We must decide whether dealing with certain customers amounted to "business opportunities." If this question is answered in the affirmative, we then face the issue of whether former officers and directors of United Seal and Rubber Company, Inc. violated their fiduciary duties by soliciting business from those customers.

The trial court held the relationships in question were not "business opportunities" and denied United Seal and Rubber Company's prayers for an interlocutory injunction. We agree and affirm.

The issue was decided in the trial court on assumed facts, and the court noted that defendants reserved the right to contest the facts if the court's conclusions of law were found in error. Among the facts assumed were these: United Seal is engaged in the sale of various gaskets, seals and rubber products in the southeastern United States.

Its principal place of business is Decatur, Georgia. Since at least 1977, defendants Bunting, Keeley, and Galphin were three of the four directors of United Seal. Each resigned his position between October 24 and November 10, 1980. Each of these individuals had served as an officer of the corporation, and at the time of resignation, Galphin was an officer. United Seal filed suit against these and other defendants alleging several causes of action which are not involved in the present appeal.

The trial court assumed that the customers in question were customers of United Seal at the date of resignation of the defendants and that they had been customers at least since 1977. The court assumed that those customers generated approximately 50% of United Seal's gross revenue. The court found that there was no written or oral contract under which the customers were required to make future purchases from United Seal or under which United Seal was required to make future sales to those customers.

The trial court held that because the business was highly competitive and there was no contractual arrangement with the customers, the relationship did not constitute "business opportunities" of the corporation within the meaning of Code Ann. § 22-714 (1) (c).

United Seal primarily relies upon this court's opinion in *Southeast Consultants v. McCrary Eng. Corp.,* 246 Ga. 503 (273 SE2d 112) (1980). That was the first instance in which this court considered the prohibition against a corporate officer or employee appropriating any "business opportunity" of his corporation. In that case, this court held that, in the absence of an agreement to the contrary, an employee is normally able to compete with his former employer and to solicit his customers after terminating his previous employment. The court then pointed out that the 1968 amendment to Code Ann. § 22-714 authorizes the enjoining of a corporate officer or director from the appropriation, in violation of his duties, of any business opportunity of the corporation. Under the holding in *McCrary,* supra, the court must first find that a business opportunity exists in order to reach the question of fiduciary duty.

In *McCrary,* supra, the court adopted the "interest or expectancy" test for identifying a business opportunity. A business opportunity arises from a "beachhead" consisting of a legal or equitable interest or an "expectancy" growing out of a pre-existing right or relationship. Id. at 508. In *McCrary* the court found a business opportunity inasmuch as the project in question was within the scope of the former employer's business. It had done a preliminary study of the project and had been invited to bid on the project. Having found that the former employer had a business

opportunity, the court went on to find that the former employee violated his fiduciary duty and that the trial court did not err in enjoining his participation in the project.

The business opportunity alleged here is far different from the project in *McCrary.* There the McCrary firm had done preliminary work on a specific contract which gave it an expectancy in the opportunity. The opportunity in *McCrary* was a well-defined finite project. Here, although under the assumed facts used by the trial court United Seal had dealings of long standing with the customers in question and even though the sales to these customers accounted for a large part of the business of United Seal, there was no contractual arrangement between them and they were not the exclusive customers of United Seal. Further, the opportunity suggested was an ongoing relationship with no finite aspect. We find that under the facts of this case the customers of United Seal did not constitute business opportunities. This being so, we need not reach the question whether these defendants breached any fiduciary duty owed United Seal.

*Judgment affirmed. All the Justices concur, except Jordan, C. J., Marshall and Weltner, JJ., who dissent.*

DECIDED JANUARY 7, 1982 —
REHEARING DENIED JANUARY 27, 1982.

*Gambrell, Russell & Mobley, David M. Brown, William W. Gardner,* for appellant.

*Cofer, Beauchamp, Hawes & Brown, James H. Rollins, J. Boyd Page, Julie Childs, Scoggins, Ivy, Goodman & Weiss, Charles H. Ivy, Arlene L. Coleman,* for appellees.

HILL, Presiding Justice, concurring.

I agree with the majority opinion and am unable to agree with the otherwise persuasive dissent because the employer failed to protect itself with covenants against competition, which it could have done. If we were to prohibit customer solicitation as a "business opportunity" without any covenant against competition, there would be no specified time limit on customer solicitation by former officers and directors and they would be barred for an indefinite period of time from competing against their former employers. In my view, Code § 22-714 (a) (1) (C) was not enacted to give corporate employers a covenant against customer solicitation (for an indefinite time) which the employers could obtain by contract (for a definite time).

WELTNER, Justice, dissenting.

I respectfully dissent.

The term, "business opportunity," in Code Ann. § 22-714 (a) (1) (C) should be broad enough to encompass reality, which includes the well-established customer relationships reflected here. *Southeast Consultants v. McCrary Eng. Corp.,* 246 Ga. 503 (273 SE2d 112) (1980) adopted an "interest or expectancy" test to delineate a business opportunity within the meaning of the statute. This test "precludes acquisition by corporate officers of the property of a business opportunity in which the corporation has a 'beachhead' in the sense of a *legal or equitable interest or expectancy* growing out of a preexisting right or *relationship.*" (Emphasis supplied.) Id. at 508. Goodwill, which is defined as the " . . . favor which the management of a business wins from the public, and the probability that old customers will continue their patronage and resort to the old place," is a ". . . species of property and constitutes a valuable asset of the business of which it is a part." *N. A. A. C. P. v. Overstreet,* 221 Ga. 16, 29 (142 SE2d 816) (1965); see *Armstrong v. Atlantic Ice &c. Corp.,* 141 Ga. 464 (81 SE 212) (1914). The majority holding creates within our law this anomaly: an inchoate opportunity to bid on a public works contract is a "business opportunity"; goodwill, a species of property subject to transfer and sale, is not.

In plainer terms, it is difficult to reconcile our holding that no business opportunity has been lost with the fact that a group of corporate directors has departed en masse pirating away customer accounts representing 50% of their company's gross revenue.

Corporate directors and officers occupy a fiduciary relationship to the corporation and its stockholders, and are held to a standard of the utmost good faith and loyalty. *Union Circulation Co. v. Trust Co. Bank,* 143 Ga. App. 715 (2) (240 SE2d 100) (1977), reversed on other grounds, 241 Ga. 343 (245 SE2d 297) (1978), on remand, 146 Ga. App. 612 (247 SE2d 197) (1978); *King Mfg. Co. v. Clay,* 216 Ga. 581 (1) (118 SE2d 581) (1961). In view of Code Ann. § 22-714 (a) (1) (C), the freedom of competition allowed employees by our decision in *Taylor Freezer Sales Co. v. Sweden Freezer Eastern Corp.,* 224 Ga. 160 (160 SE2d 356) (1968) does not necessarily extend to former officers and directors. See *McCrary,* supra, at 505.

Finally, it must be remembered that the test set out in *McCrary,* supra, consists of two parts. If it first be determined that a business opportunity has been appropriated by former officers or directors, the court must then consider whether that was accomplished in violation of their duty of good faith and loyalty while they were officers or directors of the corporation.

I would include long-standing customer relationships as a

business opportunity within the meaning of Code Ann. § 22-714 (a) (1) (C), and remand for further consideration.

I am authorized to state that Chief Justice Jordan and Justice Marshall join in this dissent.