### 38960. WILSON v. CENTER BROTHERS, INC. et al.

HILL, Presiding Justice.

Center Brothers, Inc., is a subcontracting construction company engaged in selling and installing general floor covering, acoustical ceilings, and wall partitions. Center Brothers hired Miles M. Wilson to serve as general manager of its Atlanta office.[1] In 1969 Wilson and Center Brothers entered into an employment contract which provided, in relevant part: "Employee [Wilson] agrees and covenants that he will not, for a period of one year after the termination of his employment with the corporation, regardless of the reason for such termination, engage directly or indirectly, personally or as an employee, associate, partner, manager, or otherwise or by any means of any corporate or legal device, in the business of selling and processing floors, ceilings, partitions and related trades within the City of Atlanta and within a radius of 100 miles of the City Hall of Atlanta, Georgia."

This contract was still in force when Wilson voluntarily left his position with Center Brothers on August 7, 1981. On August 14, 1981, Wilson formed Wilson Interiors, Inc., becoming its sole stockholder. Wilson Interiors performs work similar to that done by Center Brothers, on a smaller scale.

On November 17, 1981, Center Brothers filed suit seeking (1) to enjoin Wilson from violating the contract; (2) to recover damages for breach of the contract; (3) to recover damages for tortious interference with business relationships of Center Brothers; and (4) to recover damages for divulging trade secrets of Center Brothers. Following a hearing on the claim for injunctive relief, at which the parties agreed that if the contract was enforceable then an injunction would be warranted, the court issued an order finding the contract valid, binding and enforceable and enjoining Wilson from

---

[1] At the time this suit was filed, Center Brothers had offices in Atlanta and Savannah, Georgia, and in Jacksonville, Florida.

participating in any activity that would violate the contract until its expiration on August 7, 1982. Wilson appealed. During the pendency of the appeal the injunction expired. Because the validity vel non of the restrictive covenant is controlling as to the pending damage claim for breach of contract, we proceed to address that issue even though the injunction has expired and any error regarding its issuance is moot.

We agree with Wilson that the restrictive covenant is too indefinite to be enforced. In providing that Wilson may not "engage . . . indirectly . . . as an employee . . . in the business of selling and processing floors, ceilings, partitions and related trades" the covenant runs afoul of two proscriptions. First, it in effect prohibits Wilson, plaintiff's former manager, from working for a competitor in any capacity; e.g., as warehouseman, purchasing agent, installer or truck driver. This may not be done; rather a covenant, to be enforceable, must "specify with particularity the activity which the employee is prohibited from performing." *Howard Schultz & Assoc. v. Broniec,* 239 Ga. 181, 185 (236 SE2d 265) (1977); *Horne v. Drachman,* 247 Ga. 802, 805 (280 SE2d 338) (1981). Second, the description of the prohibited business, i.e., "selling and processing floors, ceilings, partitions *and related trades"* (emphasis supplied), is indefinite and unreasonable. *Southeastern Beverage &c. Co. v. Dillard,* 233 Ga. 346 (211 SE2d 299) (1974).

*Judgment reversed. All the Justices concur, except Marshall, J., who dissents.*

DECIDED OCTOBER 28, 1982.

*Laura L. Manor,* for appellant.
*Tony Center,* for appellees.