39712. ORKIN EXTERMINATING COMPANY, INC. v.
WALKER et al.

BELL, Justice.

This case concerns the validity of restrictive covenants in employment contracts.

The appellees, William Walker and Auren Mitchell, worked for the appellant, Orkin Exterminating Co. (Orkin), for about twenty years. Mitchell spent his entire career working out of Orkin's Augusta, Ga. office. He held a series of positions, including termite treater and pest control routeman. Walker worked in various cities before becoming branch manager of the Augusta, Ga. office in 1972.

Walker and Mitchell signed identical employment contracts. Paragraph 5 of each contract contains a restrictive covenant prohibiting the employee, for a period of two years following termination of employment, from engaging in certain activities, including the pest control, exterminating, fumigating, or termite control business, within the following territories: "[t]he cities of Augusta, McBean [and many other cities surrounding Augusta and the areas within a 15 mile radius of these cities] . . . or within any jurisdiction or territory in which the employee worked for the company at any time during the six (6) calendar months preceding termination of employment, and identified in an employment agreement with the Company." In addition, paragraph 5 prohibited appellees from calling upon "any customer or customers of the

Company for the purpose of soliciting, servicing or selling" certain listed services within the territory described above, as well as from diverting, soliciting, servicing, or taking away "any customer or customers for the purpose of selling" those services within that territory.

Mitchell and Walker left Orkin in January of 1982 to form and operate their own exterminating company in the Augusta area. Shortly thereafter, Orkin brought suit to enjoin them from violating paragraph 5. Relying on this court's decision of *Orkin Exterminating Co. v. Pelfrey,* 237 Ga. 284 (1) (227 SE2d 251) (1976), the trial court ruled that the territorial restriction imposed by paragraph 5 was too indefinite and unreasonable, in that the territories to which the restrictions applied could not be determined until the date of the employees' termination. The trial court therefore granted summary judgment to Walker and Mitchell. Orkin appeals.

Covenants against competition which are contained in employment contracts are considered to be in partial restraint of trade and will be upheld only if they are strictly limited in time and territorial effect, and are otherwise reasonable considering the business interest of the employer sought to be protected and the effect on the employee. *Pelfrey,* supra, p. 285; *Singer v. Habif, Arogeti & Wynne,* 250 Ga. 376 (1) (297 SE2d 473) (1982); *White v. Fletcher/Mayo/Assoc.,* 251 Ga. 203 (303 SE2d 746) (1983). Whether the restraints imposed by a restrictive covenant are reasonable is generally a question of law to be determined by the court. *Rollins Protective Services Co. v. Palermo,* 249 Ga. 138 (1) (287 SE2d 546) (1982); *Pelfrey,* supra, p. 285. In the instant case, although we find that the restrictive covenant contained in paragraph 5 is overbroad, we do so for different reasons than that enumerated by the trial court.

1). We first deal with the trial court's rationale. In *Pelfrey* we held the restrictive covenant was too indefinite to be enforceable because the contract clearly provided that its restrictions would follow the employee to any area to which he or she may have been assigned or transferred during any part of the twelve months preceding his or her termination of employment. *Pelfrey,* supra, p. 285. The covenant in the present case is distinguishable because its restrictions do not follow the employee unless he or she signs a new employment agreement which identifies the new territory. Thus, the covenant is not vague or indefinite in the sense described in *Pelfrey,* because it sufficiently delineates the territories to which the restrictions do apply, and because it contains no present obligation or promise as to unknown, future territories. Here, it is clear that Mitchell and Walker should have known at the time of signing the contract that its restrictions applied only to the Augusta area, and

that the restrictions would apply to a new territory only if, in the case of a transfer, they signed a new agreement identifying the new territory to which the restrictions would apply.

2). However, as we explain below, we find that the trial court was correct in concluding that the covenant in the instant case is unreasonable and overbroad on its face.

a). First, the covenant's restrictions could be applicable in the Augusta area long after the cessation of Orkin's interest in prohibiting these employees from working there. *Pelfrey,* supra, pp. 286-287 (Hill, J., now C. J., specially concurring). Paragraph 5 provides that an employee will not engage in certain listed activities in the Augusta area for two years after termination of his or her employment.[1] It was possible that, after Mitchell and Walker had worked for some time in the Augusta area, Orkin could have transferred them to a new territory. It was also possible that, in that event, Orkin might have neglected to require them to sign new contracts, or might have had them execute new contracts which did not rescind the prior contracts. The appellees then could have spent several years in their new territory before quitting Orkin. At that point, despite their long absence from the Augusta area, the employment agreements sub judice would still have existed, and paragraph 5 of those agreements still would have prohibited them from engaging in the pest control, exterminating, fumigating, or termite control business in the Augusta area for a period of 2 years.

Such a restriction is clearly unreasonable. During the appellees' absence from Augusta, Orkin would have assigned other employees to the appellees' Augusta area customers, and these employees would have had adequate time to establish a working relationship with those customers. At that point, Orkin would no longer have had a protectible interest in the customer relationships Mitchell and Walker had established in the Augusta area. Blake, Employee Agreements Not to Compete, 73 Harv. L. Rev., 625, 653, 677 (1960). Additionally, there is nothing in the record to indicate that either Mitchell or Walker acquired any trade secrets which would justify the above restriction. Id. at 671-672, 678.

b). There are other reasons to conclude that the covenant overprotects Orkin's legitimate interest in its customer relationships. Paragraph 5 prohibits the appellees from servicing, soliciting,

---

[1] This covenant is clearly distinguishable from one which provides that its restrictions are applicable for a period of two years after employment *in the Augusta area* has been terminated. Such a covenant obviously would not have the flaw described in this subdivision.

diverting, or taking away Orkin customers. Orkin may properly protect itself from the risk that former employees might appropriate its customers by taking unfair advantage of client contacts developed while working for Orkin, but the company cannot prevent them from merely accepting overtures from those customers. *Singer v. Habif, Arogeti & Wynne,* 250 Ga., supra. The prohibition against servicing Orkin customers has the latter effect, and therefore is an unreasonable restraint of trade. Id. Moreover, the fifth paragraph prohibits the appellees from working for *any* Orkin customers in the Augusta area, including customers with whom they had no contact while employees of Orkin. Because the appellees hold no unfair competitive advantage respecting the customers for whom they did not work, this provision "unfairly restricts ordinary competition and provides [Orkin] with greater protection than it needs." Id. at 378; Blake, supra, pp. 654, 680.

c). The covenant under consideration is also too indefinite to be enforced. Its provision that the appellees may not "[e]ngage in the pest control, exterminating, fumigating or termite control business" effectively prohibits them from working for a competitor in any capacity, and therefore fails to specify with particularity the activities which the appellees are proscribed from performing. *Wilson v. Center Brothers, Inc.,* 250 Ga. 156 (296 SE2d 589) (1982); *Howard Schultz & Assoc. v. Broniec,* 239 Ga. 181, 185 (236 SE2d 265) (1977).

Because a judgment which is right for any reason will be affirmed, *Tony v. Pollard,* 248 Ga. 86 (1) (281 SE2d 557) (1981), we find the trial court did not err in granting summary judgment to Walker and Mitchell.

*Judgment affirmed. All the Justices concur, except Hill, C. J., who concurs in the judgment only, Weltner, J., who concurs specially, and Marshall, P. J., who dissents.*

DECIDED OCTOBER 19, 1983.

*Dye, Miller, Tucker & Everitt, A. Rowland Dye,* for appellant. *C. Thompson Harley, Leonard O. Fletcher, Jr.,* for appellees.

WELTNER, Justice, concurring specially.

I agree that the judgment of the trial court should be affirmed, but solely on the basis discussed in Division 2 (c) of the majority opinion.