## 40330. McNEAL GROUP, INC. v. RESTIVO.

BELL, Justice.

This case involves the validity of a restrictive covenant in an employment contract. John Restivo worked for McNeal Group, Inc. (McNeal) from November of 1981 to March of 1983. In February 1983 Restivo and McNeal entered into an employment contract, the relevant part of which provides that "for a period of one year following termination of his employment by Employer, he (Employee) will not engage in any business competitive with Employer in any capacity whatsoever. . . ." Restivo left McNeal in March 1983 and in April 1983 he began work for another company. McNeal subsequently filed suit seeking to enjoin Restivo from violating the restrictive covenant. The trial court refused to grant injunctive relief, and McNeal has appealed. We affirm.

By prohibiting Restivo from working for any competitor in any capacity, the restrictive covenant in question fails to specify with particularity the activities which the employee is prohibited from performing and is therefore too indefinite to be enforceable. *Orkin Exterminating Co. v. Walker,* 251 Ga. 536 (2)(c) (307 SE2d 914) (1983); *Wilson v. Center Brothers, Inc.,* 250 Ga. 156 (296 SE2d 589) (1982); *Howard Schultz &c., Inc. v. Broniec,* 239 Ga. 181 (2) (236 SE2d 265) (1977). Moreover, this same provision renders the covenant overbroad and thus unenforceable because it "imposes a greater limitation upon the employee than is necessary for the protection of the employer." *Howard Schultz &c., Inc. v. Broniec,* supra, 184; *Horne v. Drachman,* 247 Ga. 802, 805 (280 SE2d 338) (1981).

*Judgment affirmed. All the Justices concur, except Marshall,*

*P. J., who dissents.*

DECIDED FEBRUARY 9, 1984.

*Payne & Hendricks, Ben F. Hendricks,* for appellant.
John G. Restivo, *pro se.*