41638. NATIONAL TEEN-AGER COMPANY v. SCARBOROUGH.
(330 SE2d 711)

BELL, Justice.

This appeal concerns the validity of certain restrictive covenants in a franchise contract between appellant-defendant National Teen-Ager Company (hereinafter referred to as "National") and appellees-plaintiffs Mary Jo and George Scarborough.

National is a Georgia corporation headquartered in Atlanta which conducts annual state and national pageant contests, culminating in an award of the title "Miss National Teen-Ager" and various prizes to contestants. In August 1982 the Scarboroughs signed an agreement with National which designated them as "State Directors" for the purpose of conducting state pageants in Michigan, New Jersey, New York, and Pennsylvania to select contestants from those states to compete in the August 1983 "Miss National Teen-Ager Pageant." The contract provided that it would terminate in August 1983. In addition, it included the following non-competition covenant, denominated as "Paragraph X":

"[T]he State Director agrees not to compete either directly or indirectly or in any manner whatsoever with National Teen-Ager Company nor to engage in any like or similar business for profit or non-profit for a period of FIVE (5) years from the date of the execution of this agreement in the geographical territories described in this agreement."

National did not renew the contract for the 1984 pageant season, and the Scarboroughs filed a complaint for a declaration that the covenant was as an illegal restraint of trade. National answered the complaint and counterclaimed for a declaration that Par. X was reasonable and enforceable and for an injunction prohibiting the Scarboroughs from competing with National directly or indirectly in

any manner whatsoever in the four states until August 1, 1987, and from engaging in any like or similar business for profit or non-profit within the same states and during the same period.

All parties moved for judgment on the pleadings and filed briefs in support of their motions. The superior court heard oral argument on the motions, and entered an order denying judgment on the pleadings to National and granting judgment on the pleadings to the Scarboroughs. In his order the judge found that Par. X was too broad, vague, and indefinite to be enforced. National appeals.

National contends the restriction is reasonable considering National's business interests and the effect on the Scarboroughs.[1] Regarding the effect on the Scarboroughs, National argues that the contract does not totally preclude them from earning their livelihood in the beauty pageant or talent contest business, since Par. X only excludes them from directing teen-aged female pageants in four enumerated states. Moreover, National asserts, the term "like or similar business" does not include pageants involving non-teen-aged females. Nor, argues National, are the Scarboroughs prohibited from employment in teen-aged female pageants or contests if their participation is limited to roles such as judge, stagehand, usher, or parking lot attendant.

In response to appellant's contention, the Scarboroughs assert that the non-competition clause is unreasonable because the activities from which they are prohibited are not specified with particularity. They argue that Par. X is too broad and indefinite because its clauses, "any like or similar business for profit or non-profit," and "either directly or indirectly or in any manner whatsoever with National Teen-Ager Company," attempt to prohibit them from engaging in any type of beauty pageant or talent contest in any capacity, whether as state directors, press agents, advertising salespersons, masters of ceremony, judges, or stagehands.

We affirm the denial of judgment on the pleadings to National and reverse the grant of judgment on the pleadings in favor of the Scarboroughs, but not for the reasons urged by the parties.

"Covenants against competition which are contained in employment contracts[2] are considered to be in partial restraint of trade and will be upheld only if they are strictly limited in time and territorial effect, and are otherwise reasonable considering the business interest

---

[1] In their briefs to this court the parties have stipulated that the Scarboroughs do not challenge the reasonableness of Par. X's limitations in time or territory.

[2] The contract in this case is a franchise agreement. We note that although the parties have not raised the issue, for purposes of analyzing the covenant not to compete they have properly treated the agreement as an employment contract. *Watson v. Waffle House, Inc.,* 253 Ga. 671, 672 (324 SE2d 175) (1985).

of the employer sought to be protected and the effect on the employee." *Orkin Exterminating Co. v. Walker,* 251 Ga. 536, 537 (307 SE2d 914) (1983). A non-competition covenant which prohibits an employee from working for a competitor in any capacity, that is, a covenant which fails to specify with particularity the activities which the employee is prohibited from performing, is too broad and indefinite to be enforceable. *McNeal Group, Inc. v. Restivo,* 252 Ga. 112 (311 SE2d 831) (1984). However, the question whether a given covenant falls into the prohibited "in any capacity" category generally is not determinable solely from the face of the contract. As we have recently observed, the three-element test of duration, territorial coverage, and scope of activity is best utilized "not as an arbitrary rule but as a helpful tool in examining the reasonableness of *the particular factual setting to which it is applied." Watson v. Waffle House, Inc.,* 253 Ga. 671, 673 (324 SE2d 175) (1985). (Emphasis supplied.)

In the instant case the superior court had only the pleadings to consider when it determined the reasonableness of the restricted activity in this particular factual setting. In *Pressley v. Maxwell,* 242 Ga. 360 (249 SE2d 49) (1978), we held that "[t]he granting of a motion for judgment on the pleadings under Code § 81A-112 (c) is proper only where there is a complete failure to state a cause of action or defense. 'For the purposes of the motion, all well-pleaded material allegations of the opposing party's pleading are to be taken as true, and all allegations of the moving party which have been denied are taken as false.'" (Cits. omitted.) Accordingly, the exact issues presented in this appeal are whether the Scarboroughs completely failed to state a claim and defense to the counterclaim and, in turn, whether National completely failed to state a defense and counterclaim. We answer both questions in the negative. As to National's motion for judgment on the pleadings, the Scarboroughs' allegations of unreasonableness were required to be taken as true, and National's allegations of reasonableness had to be deemed false. Therefore, the trial court properly denied National's motion. For the purpose of the Scarboroughs' motion for judgment on the pleadings, the position of the parties was reversed, and the superior court should not have granted judgment in favor of the appellees. Therefore, we must reverse the judgment in favor of the Scarboroughs.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Hill, C. J., who dissents.*

HILL, Chief Justice, dissenting.

I would affirm the trial court's order granting judgment on the pleadings to the Scarboroughs as I agree with the trial judge that the covenant not to compete is too broad, vague and indefinite to be enforced. I focus particularly on the following language: "The State Di-

rector agrees not to compete . . . in any manner whatsoever with National Teen-Ager Company nor to engage in any like or similar business. . . ." National Teen-Ager should not be permitted at this point to narrow the scope of this overly broad covenant to teen-aged female pageants and should not be permitted to define, so as to suit its own purpose, this vague and indefinite restriction.

DECIDED JUNE 19, 1985.

*England & Weller, J. Melvin England,* for appellant.
*William A. Dinges,* for appellee.