## 72177. WINDSOR-DOUGLAS ASSOCIATES, INC. v. PATTERSON.
### (347 SE2d 362)

BENHAM, Judge.

Appellant Windsor-Douglas Associates, Inc., an executive recruiter, terminated appellee Patterson's employment with Windsor-Douglas on December 5, 1984. Patterson filed suit alleging Windsor-Douglas fraudulently withheld commissions earned by Patterson. Windsor-Douglas filed an answer and a counterclaim, alleging Patterson had breached a non-competition clause in her employment contract with Windsor-Douglas. When the trial court granted appellee's motion for summary judgment striking and dismissing appellant's counterclaim, appellant sought and this court granted interlocutory review of the trial court's action.

1. Appellee Patterson seeks dismissal of the appeal on the ground that the restrictive covenant in the employment contract which is the subject of the dismissed counterclaim impairs appellee's freedom to contract, thereby entailing a constitutional issue (see Art. I, Sec. X of the U. S. Constitution), which invokes the jurisdiction of the Supreme Court of Ga. under Art. VI, Sec. VI, Par. II (1) of the 1983 Ga. Constitution. We reject both appellee's logic and her motion.

2. In her employment contract, appellee agreed that for one year following her termination of employment for any reason she would refrain from acting as or becoming "a principal, agent, officer, investor, manager, representative, or counselor" within a five-county area with a concern engaged in the employment agency/management consulting/recruiting business. Appellee further agreed to refrain from: contacting any "person, firm, corporation, employer, client or applicant who [was] at any time during [appellee's] period of employment, a customer or client of [appellant]"; interfering with appellant's business; and divulging or using confidential matters concerning appellant.

"A covenant not to compete, being in partial restraint of trade, is not favored in the law, and will be upheld only when strictly limited in time, territorial effect, the capacity in which the employee is prohibited from competing and when it is otherwise reasonable. [Cits.] In determining whether a covenant is reasonably limited with regard to these factors, the court must balance the interest the employer seeks to protect against the impact the covenant will have on the employee, factoring in the effect of the covenant on the public's interest in promoting competition and the freedom of individuals to contract.

[Cits.]" *Beckman v. Cox Broadcasting Corp.*, 250 Ga. 127, 129-130 (296 SE2d 566) (1982). "If any covenant not to compete within a given employment contract is unreasonable either in time, territory, or prohibited business activity, then all covenants not to compete within the same employment contract are unenforceable. [Cits.]" *Ward v. Process Control Corp.*, 247 Ga. 583, 584 (277 SE2d 671) (1981).

We focus our attention on the anti-solicitation covenant which prohibits the former employee from contacting for one year any person or entity who was a customer or client of Windsor-Douglas at any time while appellee was employed by Windsor-Douglas. Windsor-Douglas has a legitimate business interest to protect: it placed appellee in a position of trust and confidence by allowing her to handle clients, thereby establishing rapport with those clients and customers of appellant's whom she handled. Windsor-Douglas "legitimately needs to protect itself from the risk that the [employment counselor] may later abuse the trust placed in [her] and use [her] intimacy with various clients to appropriate or 'pirate' them for [her] own benefit. [Cit.]" *Singer v. Habif, Arogeti & Wynne*, 250 Ga. 376, 377 (297 SE2d 473) (1982). The employee's relationship with the clients and customers she services on behalf of the employer has been described as an "unfair competitive advantage" the employee holds over the employer (*Orkin Exterminating Co. v. Walker*, 251 Ga. 536 (2b) (307 SE2d 914) (1983)), and an employer may protect itself from this unfair competitive advantage by means of a covenant not to solicit in an employment contract. Id.; *Singer*, supra. However, when a restrictive covenant prohibits a former employee from contacting all customers and clients of the employer, including those with whom she had no contact while an employee, the provision " 'unfairly restricts ordinary competition and provides [Windsor-Douglas] with greater protection than it needs.' [Cits.]" *Orkin Exterminating Co.*, supra; *Singer*, supra. Compare *Whaley v. Alco Standard Corp.*, 253 Ga. 5 (315 SE2d 654) (1984), where the Supreme Court approved a broad anti-solicitation covenant apparently because the scope of the prohibited activity was very narrow.

In the case at bar, as in *Singer* and *Orkin*, the employer overprotected its interests, and improperly infringed upon the employee's ability to ply her trade and upon the public's interest in promoting competition. Since the covenant not to compete is overbroad and therefore an unreasonable restraint of trade, it is unenforceable, and the trial court did not err in granting summary judgment in favor of appellee on the counterclaim.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED JULY 7, 1986.

*Mark Alan Stevens, Joseph A. Maccione*, for appellant.
*Lloyd Hoffspiegel*, for appellee.