### 46839. FIELDS v. RAINBOW INTERNATIONAL CARPET DYEING & CLEANING COMPANY.
#### (380 SE2d 693)

WELTNER, Justice.

Fields entered into an agreement with Rainbow International Carpet Dyeing and Cleaning Co. in which he was granted a license to operate a franchise of Rainbow's business in Bibb County. The contract contained an agreement not to compete, which provided:

". . . for three (3) years after the termination hereof, [Fields] will not, without the prior written consent of [Rainbow], either directly or indirectly, as principal, agent, servant or otherwise, carry on or engage in the business of carpet and up-

---

holstery cleaning and dyeing within the above-described area [Bibb County] or directly or indirectly solicit, or endeavor to obtain the carpet and upholstery cleaning and dyeing business or any person or corporation who shall have been, during the term of this Agreement and any extension thereof, a customer of Licensee, other than for the benefit of Licensor and Licensee as provided in this Agreement."

Rainbow terminated Fields' franchise license, and filed suit to enforce its terms. The trial court granted Rainbow's motion to restrain Fields temporarily from operating directly or indirectly a carpet and upholstery cleaning and dyeing business in Bibb County. We granted Fields' application for interlocutory review.

The agreement prohibits Fields, who was owner and manager of Rainbow's franchise, from working for a competitor in any capacity — "either directly or indirectly, as principal, agent, servant or otherwise." "We have held that a restriction of employment in a business 'in any capacity' is overbroad and unreasonable." *Watson v. Waffle House, Inc.*, 253 Ga. 671, 673 (324 SE2d 175) (1985). See also *Wilson v. Center Brothers, Inc.*, 250 Ga. 156 (296 SE2d 589) (1982). Because the agreement is overbroad, it is unenforceable.

*Judgment reversed. All the Justices concur, except Marshall, C. J., who dissents.*

DECIDED JUNE 29, 1989 —
RECONSIDERATION DENIED JULY 26, 1989.

*Harrison & Willis, Randall P. Harrison,* for appellant.
*Anderson, Walker & Reichert, R. William Buzzell II, Loretta L. Pinkston,* for appellee.