208 Ga. App. 282 (1993)
430 S.E.2d 166
AMERICAN GENERAL LIFE & ACCIDENT INSURANCE COMPANY
v.
FISHER; and vice versa.
A92A1786, A92A1787.
Court of Appeals of Georgia.
Decided March 18, 1993.
Reconsideration Denied March 31, 1993.
Freeman & Hawkins, Lawrence J. Myers, Kevin J. Bahr, for appellant.
Adams & Adams, Charles R. Adams III, for appellee.
BIRDSONG, Presiding Judge.
These appeals arise from the attempted enforcement of restrictive covenants in American General's field representative employment agreement that Fisher executed. This agreement provides:
"COVENANT NOT TO SOLICIT. The field representative agrees that upon termination for any reason including resignation or retirement he/she shall not in any county or counties in which he/she was engaged in any way as a field representative of the company, directly or indirectly:
"(a) within twenty-four (24) months after termination, solicit or accept or assist, aid or abet others in soliciting any application for insurance or annuities as a replacement of any insurance or annuity contracts at the time being provided by the company which was sold or serviced by the company at any time or times during his/her employment by the company through any effort whatever on his/her part, or on which he/she received any compensation; or
"(b) within twelve (12) months after termination, solicit or accept or assist, aid or abet others in soliciting any application for insurance or annuities from a policyholder of the company who was sold a policy of insurance or annuity contract at any time or times during the field representative's employment by the company through any effort whatsoever on his/her part, or on which he/she has received any compensation.
"COVENANT NOT TO INDUCE. The field representative *283 agrees that for a period of twenty-four (24) months from the date of termination of his/her employment with the company, he/she will not directly or indirectly induce or attempt to induce:
"(a) any field representative of the company or employee of the company's clerical force to terminate employment with the company, or to solicit or sell life, health, fire or accident insurance for another company, nor shall the field representative aid or abet others in such activity;
"(b) any company policyowner or insured to cancel, lapse or fail to renew an insurance policy or contract with the company."
Because the parties conceded the duration and territorial scope of the covenants were reasonable, the trial court's analysis centered upon whether the restrictions on Fisher's post-employment activities also were reasonable. The trial court found that although the covenant not to induce satisfied the requirements of Georgia law, the covenant not to solicit was overbroad in restricting Fisher's post-employment activities, and, thus, was unenforceable.
Both parties appeal. In the main appeal American General contends the restrictions in the covenant not to solicit were authorized by Georgia law, and in the cross-appeal Fisher asserts that the trial court's ruling that the covenant not to induce was enforceable violates this state's "blue pencil" rule of severability. Although first filed with our Supreme Court, these appeals were transferred to this court since the appeals primarily concern the validity of the covenants not to compete. Held:

Case No. A92A1786
1. Even though contracts generally restraining trade or tending to lessen competition are against public policy and void under Ga. Const. 1983, Art. III, Sec. VI, Par. V (c), and OCGA § 13-8-2, restrictive covenants in employment contracts are deemed only in partial restraint of trade and will be upheld if they are reasonable, founded on a valuable consideration, and reasonably necessary to the protected interest, but do not unduly prejudice the public interest. Further, this determination is a question of law for the court, which must consider the nature and extent of the trade or business, the situation of the parties, and any other relevant circumstances. A three-element test of duration, territorial coverage, and scope of activity is used in examining the reasonableness of the restrictions. W. R. Grace & Co. v. Mouyal, 262 Ga. 464, 465 (422 SE2d 529).
Considered in that manner, we find that the trial court did not err in concluding the covenant not to solicit was unenforceable. This covenant prohibits Fisher from accepting applications for insurance from American General policyholders who wish to transfer to his new *284 company without any solicitation on his part. This provision overprotects American General's interest by unreasonably affecting the public's ability to select the insurance services it prefers. See Singer v. Habif, Arogeti & Wynne, 250 Ga. 376, 377 (297 SE2d 473). Additionally, the covenant provision which prohibits Fisher from assisting, aiding or abetting others in soliciting any application for insurance within the meaning of the covenant is also overbroad because a covenant that will not permit Fisher to "assist, aid or abet" others, in effect, prohibits Fisher from working as a supervisor or in other capacities in the insurance business in which he could not unduly influence policyholders directly because of any special trust and confidence he may have built up through his prior employment with American General. "[L]anguage which restricts employees from activities in a much more limited fashion than is necessary for the protection of the employer will not withstand the reasonableness test so as to uphold the covenant." Puritan/Churchill Chem. Co. v. Eubank, 245 Ga. 334, 335 (265 SE2d 16). Under this clause the employee is in effect prohibited from working in any capacity for a competitor, even in positions unrelated to solicitation and sales. This restriction is larger than is necessary to protect the employer and is therefore unreasonable. Jarrett v. Hamilton, 179 Ga. App. 422, 424 (346 SE2d 875).
Accordingly, the trial court did not err by finding the covenant not to solicit unenforceable, and, therefore, the judgment in Case No. A92A1786 is affirmed.

Case No. A92A1787
2. In this appeal Fisher contends the trial court erred by finding the covenant not to induce enforceable because such a finding violates the Georgia rule against the "blue-pencil" theory of severability. We agree. If any one of the non-competition clauses is unenforceable because of indefiniteness, overbreadth, or unreasonableness, then the whole agreement must fail. Jarrett v. Hamilton, supra. "If any covenant not to compete within a given employment contract is unreasonable either in time, territory, or prohibited business activity, then all covenants not to compete within the same employment contract are unenforceable." (Citation and punctuation omitted.) Ward v. Process Control Corp., 247 Ga. 583, 584 (277 SE2d 671). Thus, the trial court erred by finding the covenant not to induce enforceable. Additionally, we note that this covenant also includes the same "aid or abet" provision found deficient in Division 1.
Accordingly, the trial court's judgment in this appeal must be reversed.
Judgment in Case No. A92A1786 is affirmed; judgment in Case *285 No. A92A1787 is reversed. Andrews, J., concurs. Beasley, P. J., concurs specially.
BEASLEY, Presiding Judge, concurring specially.
In Singer v. Habif, Arogeti & Wynne, 250 Ga. 376, 377 (1) (297 SE2d 473) (1982), only a plurality of the Court held that the covenant in the employment agreement, prohibiting the employee from accepting employment from clients of the employer without having solicited them, was unreasonable and unenforceable. That holding was, however, adopted by a majority of the Court in Orkin Exterminating Co. v. Walker, 251 Ga. 536, 539 (2b) (307 SE2d 914) (1983). It would also appear to have been adopted by a majority in W. R. Grace & Co. v. Mouyal, 262 Ga. 464 (422 SE2d 529) (1992), although it was also held in that case that the three-element test of duration, territorial coverage, and scope of activity is not a rigid test; instead, it is to be used as a helpful tool in examining the reasonableness of the particular factual setting to which it is applied.
In any event, this holding is in direct conflict with Bennett v. Ga. Indus. Catering Co., 222 Ga. 127 (1) (149 SE2d 81) (1966); Coffee System of Atlanta v. Fox, 226 Ga. 593, 596 (4) (176 SE2d 71) (1970); Marcoin, Inc. v. Waldron, 244 Ga. 169, 171 (1) (259 SE2d 433) (1979); and Hancock v. Fickling & Walker Ins. Agency, 248 Ga. 608, 610 (1) (284 SE2d 414) (1981), none of which was cited in the later decisions. The better rule in my view is the one applied in the earlier decisions, where the covenant against "acceptance" as well as "solicitation" is not unreasonable. It is no doubt difficult in practice to distinguish between the two, or to draw a line. If the former employee is not prohibited from "accepting" but can only be prohibited from "soliciting," the determination of whether the employee merely accepted or instead solicited the former employee's customer will require resolution of a factual dispute. In addition, would it be "accepting" the business of a customer of the former employer who responds to a general newspaper advertisement?