### 77867. MOORE v. PREFERRED RESEARCH, INC.
(381 SE2d 72)

POPE, Judge.

In 1979, plaintiffs Earnest N. Moore and Preferred Research of Atlanta, Inc., entered into a written licensing agreement with defendant Preferred Research, Inc. (PRI) for exclusive rights in a specified territory to certain "techniques and procedures" developed by PRI "in the fields of courthouse records research and verification, credit investigations, examination of records effecting title to real estate and personal property and related services . . . ." The agreement contained a covenant not to compete whereby the plaintiffs agreed not to engage "in a similar business to that licensed and established hereunder within an airline radius of twenty-five (25) miles of any of [plaintiffs'] places of business" for a period of twelve months after terminating the agreement. In 1986, plaintiffs brought suit against defendant alleging breach of contract and, by amended complaint, plaintiffs sought a declaratory judgment determining the enforceability of the restrictive covenant contained within the licensing agreement. The trial court granted defendant's motion for partial summary judgment and held the restrictive covenant to be enforceable. Plaintiffs appeal.

1. The first issue on appeal is whether the restricted activities are reasonable or overly broad. The restrictive covenant in this case prohibits plaintiffs from engaging in a "similar business to that licensed and established hereunder" within a certain geographical area. To determine what activities are thus restricted, one must look to other

provisions of the agreement which define the business activities licensed under the agreement. One of the preamble paragraphs of the agreement states that the licensed techniques and procedures relate to "the fields of courthouse records research and verification, credit investigations, examination of records effecting title to real estate and personal property *and related services* . . . ." (Emphasis supplied.) Plaintiffs argue that the phrase "and related services" is vague and indefinite and thus renders the restrictive covenant unenforceable.

The licensing agreement at issue in this case "is analogous to an employment contract for purposes of analyzing the covenant not to compete." *Watson v. Waffle House*, 253 Ga. 671, 672 (324 SE2d 175) (1985). "The rule of reason is the overarching standard to be applied in all cases involving covenants not to compete . . . . The scope of activities restricted will be found reasonable when there is a rational relationship between those activities and the activities the employee conducted for his former employer. The relationship between activities during employment and activities prohibited is interpreted with reference to the individual situation." *Wesley-Jessen, Inc. v. Armento*, 519 FSupp. 1352, 1356-1357 (N.D. Ga. 1981). So long as the restricted activities are reasonably related to the business interests which the employer seeks to protect, the restricted covenant is enforceable. See *Edwards v. Howe Richardson Scale Co.*, 237 Ga. 818 (229 SE2d 651) (1976).

Here, the restricted activities are limited to those specified procedures "and related services" licensed by the defendant. By definition, only those activities licensed by the agreement are restricted. See *Pierce v. Industrial Boiler Co.*, 252 Ga. 558, 559 (315 SE2d 423) (1984) (where a restrictive covenant was limited to a specific business "in any capacity held by the employee," because the employee was employed only as a salesman in said business, then by definition "this activity alone [was] prohibited by the covenant" and it was found not to be overly broad). The covenant not to compete at issue in this appeal is similar to the one at issue in *Wesley-Jessen v. Armento*, supra. In *Wesley-Jessen*, as in the case now before us, the covenant not to compete incorporated language set forth earlier in the contract describing the scope of employment. The covenant prohibited the employee from selling contact lenses "and related products and services." Applying Georgia law, the federal trial court found the covenant was enforceable because it did not restrict the employee from working for a competitor in any capacity or in an area unrelated to the field of expertise gained at the employer's expense. See also *Edwards v. Howe Richardson Scale Co.*, supra (where a covenant not to engage in certain specified activities " 'or in any similar business which is competitive with the business of the [employer] . . . at the date [the employee's] employment is terminated' " was held enforcea-

ble because it was reasonably related to the business interest which the employer sought to protect).

Contrary to plaintiffs' assertions, the language now before us is not analogous to that in *Wilson v. Center Bros.*, 250 Ga. 156 (296 SE2d 589) (1982), wherein a covenant which prohibited the employee from engaging in a specified business "and related trades" was found to be unenforceable. In *Wilson*, the covenant attempted to restrict the employee in activities other than those he performed for the employer. However, the phrase "and related services" in the agreement now before us defines the activities which the plaintiff was licensed to perform *under the agreement*. Therefore, when read in conjunction with the covenant not to compete, the restricted activities are synonymous with, not broader than, the licensed activities.

In *Lokey v. Preferred Research*, 254 Ga. XXIV (1985), the Georgia Supreme Court affirmed, without written opinion, a lower court ruling enforcing the restrictive covenants of an almost identical licensing agreement between Preferred Research, Inc., and another of its licensees. The lower court order in *Lokey* and the litigants' briefs before the Georgia Supreme Court were made part of the record in the case now before us. Plaintiffs argue the *Lokey* opinion is irrelevant because the order and appellate briefs show that the significance of the "related services" clause was not addressed in that appeal. Plaintiffs argue instead that we should follow the rationale set forth in the order of the United States District Court in *Stephenson v. Preferred Research*, Case No. C87-1974, slip op. (N.D. Ga., December 15, 1987), in which the federal trial court held the covenant not to compete in a licensing agreement between Preferred Research, Inc., and another of its licensees was unenforceable. In the *Stephenson* order, the United States District Court mistakenly recited that the agreement in *Lokey* did not include the "related services" clause. That portion of the record in the *Lokey* case which is now before us shows the *Lokey* agreement was, in all material respects, identical to the one at issue in the case now before us, including the use of the "related services" clause. Even though the significance of that clause was not argued before the Supreme Court, we must assume the Supreme Court reviewed the agreement in its entirety in the course of affirming the trial court's order. We are not constrained to follow the federal court order in the *Stephenson* case, particularly in light of its mistaken assumption that the *Lokey* agreement did not contain the disputed language. We find that the covenant not to compete now before us is not overly broad in the activities which it restricts.

2. The second issue is whether the territorial restrictions are overly broad. The restrictive covenant prohibits plaintiffs from engaging in competition "within an airline radius of twenty-five (25) miles of any of [plaintiffs'] places of business within the [licensed] territory.

. . ." While the licensed territory included seventeen counties in and around metropolitan Atlanta, plaintiffs did not actually conduct business in all of the licensed counties. Plaintiffs argue that the territorial restriction is overly broad because it would restrict plaintiffs from competing in counties in which it never conducted business. However, the clear and unambiguous language of the covenant prohibits competition only within a twenty-five mile radius of plaintiffs' "places of business." It does not prohibit competition within twenty-five miles of the entire territory licensed to plaintiffs. The record shows plaintiffs' sole place of conducting business pursuant to the agreement was an address in Atlanta, Georgia. The covenant would thus restrict competition only within twenty-five miles of plaintiffs' former place of business. The restricted territory is thus much smaller in area than the seventeen-county area in which the plaintiffs were licensed to conduct business and plaintiffs do not deny that they actually conducted business within the restricted radius. Territorial restrictions which relate to the territory in which the employee was actually employed are generally upheld. *Barry v. Stanco Communications Prods.*, 243 Ga. 68 (252 SE2d 491) (1979). We find the territorial restriction to be reasonable "in view of the facts and circumstances surrounding the case." Id. at 70.

3. Subsequent to the filing of the notice of appeal in this case, the trial court issued a restraining order enjoining plaintiffs from violating the restrictive covenant contained within the lease agreement. Plaintiffs filed four separate notices of appeal to the Supreme Court in regard to the restraining orders. Defendants moved for transfer of this appeal to the Supreme Court so that the appeal of the trial court's order granting partial summary judgment to defendant and the appeals from the trial court's restraining order could be reviewed simultaneously by the same court. We have reviewed the notices of appeal in regard to the restraining order and find that they do not raise an issue as to the enforceability of the restrictive covenant. Instead, the notices of appeal to the Supreme Court assume the enforceability of the restrictive covenant and merely raise the issue of whether the trial court's restraining order exceeds the terms of the restrictive covenant. The Court of Appeals, and not the Supreme Court, has jurisdiction of the issues on appeal now before us. Consequently, we deny defendant's motion to transfer this appeal to the Supreme Court or, alternatively, to stay these proceedings until the Supreme Court has ruled on the appeals pending before it on the separate and distinct issues in equity raised by those appeals.

*Judgment affirmed. Motion to transfer denied. McMurray, P. J., and Benham, J., concur.*

DECIDED MARCH 8, 1989 —
REHEARING DENIED MARCH 23, 1989 —

*Alston & Bird, Peter M. Degnan, John E. Stephenson, Jr.*, for appellant.
*James M. Crawford, Christopher J. McFadden*, for appellee.