A94A0494. ATLANTA INDOOR ADVERTISING CONCEPTS, INC. v. WORLD CLASS FITNESS, INC.
(444 SE2d 385)

COOPER, Judge.
Plaintiff, Atlanta Indoor Advertising Concepts, Inc. d/b/a Headlines USA, is a corporation in the business of selling advertising space to commercial customers. On March 27, 1991, Sonya Bowen, on behalf of plaintiff, and Thomas Hicks, on behalf of defendant, a health club, entered into a contract in which plaintiff was to provide certain

advertising services to defendant in exchange for a fee of $6,000. The contract identified plaintiff as Atlanta Indoor Advertising Concepts d/b/a Headlines USA, Inc., and specified that $500 of the fee was to be paid upon execution of the contract, with the balance paid in monthly installments of $500. Defendant made the initial $500 payment but failed to pay the balance. Plaintiff sued defendant for breach of contract and quantum meruit, seeking damages in the amount of $5,500 plus attorney fees and interest on the unpaid balance of the contract fee. Both parties filed motions for summary judgment. The trial court granted defendant's motion and denied plaintiff's motion, and plaintiff appeals that order.

1. Plaintiff contends the trial court erred in granting summary judgment to defendant on the ground that plaintiff was not a legal entity entitled to sue. Defendant argued in its motion that the advertising contract was between Headlines USA, Inc. and defendant, and because Headlines USA, Inc. was not a registered corporation, plaintiff could not bring an action against defendant. Plaintiff is a corporation doing business under the registered trade name of Headlines USA. The reference in the contract to Headlines USA, Inc. is an obvious misnomer. A *"misnomer* of a corporation in a written instrument, or in a law, or in a judicial proceeding is not material or vital in its consequences, *if the identity of the corporation intended is clear or can be ascertained by proof."* (Emphasis in original.) (Citations and punctuation omitted.) *Hawkins v. Turner,* 166 Ga. App. 50, 51-52 (1) (303 SE2d 164) (1983). The intent of the parties was clearly to bind Atlanta Indoor Advertising Concepts. The only misnomer occurred in identifying the trade name of plaintiff as Headlines USA, Inc., rather than Headlines USA. We conclude that the misnomer did not warrant the entry of summary judgment in favor of defendant. See *Hawkins v. Turner,* supra at 53; see also *Pinson v. Hartsfield Intl. Commerce Center,* 191 Ga. App. 459 (382 SE2d 136) (1989).

Defendant also argued in its motion for summary judgment that plaintiff could not maintain the action because documents from the Secretary of State's office showed that plaintiff failed to pay its annual registration fee for three years. Plaintiff's president stated in his affidavit dated April 9, 1993, that the corporation was in good standing. Regardless of whether plaintiff's annual registration fee was delinquent at the time the action was filed, the corporation had not been dissolved. Compare *Gas Pump v. Gen. Cinema Beverages of North Florida,* 263 Ga. 583 (436 SE2d 207) (1993). Therefore, summary judgment should not have been granted to defendant on this ground.

2. In its second enumeration of error, plaintiff argues the trial court erred in denying its motion for summary judgment. Plaintiff argues that it fully performed its obligations under the contract and

therefore was entitled to recover the agreed upon fee. In support of its motion for summary judgment, plaintiff submitted the affidavit of its president, who stated therein that plaintiff performed all services it was obligated to perform under the contract and that plaintiff received no notice from defendant that defendant was dissatisfied with plaintiff's performance under the contract. With its brief in opposition to plaintiff's motion for summary judgment, defendant submitted the affidavit of two of its officers who stated that plaintiff did not provide the services agreed to in the contract and that as a result, defendant terminated the agreement in accordance with contract provisions.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c)." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). We find that the opposing affidavits create a question of fact as to whether plaintiff performed its obligations under the contract. Therefore, the trial court properly denied plaintiff's motion for summary judgment.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED MAY 25, 1994.

*Adam R. Gaslowitz*, for appellant.
*Schwall & Schwall, Emory A. Schwall, Frederick B. Whittington III*, for appellee.