S94A0662. AMERICAN SOFTWARE USA, INC. v. MOORE.

(448 SE2d 206)

CARLEY, Justice.

Appellant-plaintiff develops and customizes licensed computer software and provides software maintenance and support services to its licensees. While an employee of appellant, appellee-defendant provided software maintenance and support services to appellant's licensees. After leaving his employment, appellee continued, as an independent contractor, to provide to appellant's licensees those same maintenance and support services. Alleging that appellee was violating the restrictive covenants contained in his employment contract, appellant sought injunctive relief. The trial court denied an interlocutory injunction, finding "that the restraint imposed [by the restrictive covenants] is . . . unreasonable [and not] . . . reasonably necessary to protect the interest of [appellant]." It is from that order of the trial court that appellant appeals.

1. Appellee's employment contract contained a non-competition restrictive covenant whereby he agreed that, for a two-year period following his employment with appellant, he would

> not provide computer software installation, consulting, training, testing, implementation, programming maintenance or modification services directly on or affecting any computer software product supplied to any third party by [appellant] anywhere in the United States of America.

By the terms of the covenant, appellee is not, for any length of time, prohibited from *all* post-employment servicing of every computer software product. The only proscription is a limited two-year restriction upon appellee's performance of services in connection with the specific software which appellant has developed and customized for its licensees. Appellee is free to perform services in connection with any *other* software at any time and for anyone who is willing to hire him, including appellant's competitors and appellant's licensees. Thus, as to duration and proscribed post-employment competitive ac-

tivity, this restrictive covenant is not unreasonable in its scope.

Appellee urges that the two-year proscription on his post-employment competitive activity is nevertheless unenforceable for lack of a reasonable limitation upon its territorial scope. With regard to restrictive covenants in employment contracts, it has been recognized that,

> [a]s the group [of customers] which the employer wishes to protect from solicitation by former employees becomes more narrowly defined, the need for a territorial restriction expressed in *geographic terms* becomes less important. [Cit.]

(Emphasis supplied.) *W. R. Grace &c. v. Mouyal*, 262 Ga. 464, 467 (2) (422 SE2d 529) (1992). Here, however, the group of customers which the restrictive covenant purports to protect from appellee's post-employment competitive servicing of appellant's software is broadly defined as "any" of appellant's licensees.

> [A] restrictive covenant prohibiting a former employee from rendering services to *any* client of the employer must contain a territorial restriction expressed in geographic terms because that restriction, which does not take into account whether the employee had a business relationship with that client or whether it was the client who solicited the former employee, is otherwise unreasonable and overbroad in its attempt to protect the employer's legitimate interest in keeping the employee from taking advantage of the goodwill generated during his employment with the employer to lure employer customers away.

(Emphasis in original.) *W. R. Grace &c. v. Mouyal*, supra at 467 (2), fn. 3. This restrictive covenant prohibits the employee from engaging in post-employment competitive servicing of the former employer's software supplied to "any" of the former employer's licensees "anywhere in the United States of America." Thus, we must decide whether the territorial restriction expressed in those geographical terms is unreasonably expansive. There is a "vital difference" between

> territorial restrictions relating to the geographic area where the employer does business, and restrictions relating to the area where the employee did business [on behalf of the employer]. . . . [Cits.] A restriction relating to the area in which the employer does business is generally unenforceable due to overbreadth, unless the employer can show a legitimate business interest that will be protected by such an expansive geo-

graphic description. [Cits.] A restriction relating to the area where the employee did business on behalf of the employer has been enforced as a legitimate protection of the employer's interest ([cits.]), but the prohibition against post-employment solicitation of *any* customer of the employer located in a specific geographic area is an unreasonable and overbroad attempt to protect the employer's interest in preventing the employee from exploiting the personal relationship the employee has enjoyed with the employer's customers. [Cits.]

(Emphasis in original.) *W. R. Grace &c. v. Mouyal*, supra at 466-467 (2).

The territorial restriction involved in this case encompasses "anywhere in the United States of America" that appellant does business through the licensing of its software, without regard to whether appellee may have done any licensed software business on behalf of appellant at any specific location in the country. Appellant certainly has a "legitimate business interest" in protecting its trade secrets and confidential business information which were utilized in developing and customizing its software. However, that "legitimate business interest" is otherwise protected by the separate *non-disclosure* restrictive covenant in appellee's employment contract, rather than by the *non-competition* restrictive covenant which only precludes appellee from providing service on appellant's already existing software. There is no evidence that it is only those individuals employed by appellant and given access to appellant's trade secrets and confidential business information who possess the technical ability to service appellant's software. Indeed, the evidence shows that numerous independent contractors, who are not former employees of appellant and who had no access to such trade secrets and confidential business information, are also engaged in servicing that software for appellant's licensees.

In the absence of any exclusive contract with its licensees to service its software, appellant's only "legitimate business interest" in continuing to provide servicing for its software is that which any employer would have in continuing an existing business relationship with his customers.

[T]he employer has a protectible interest in the customer relationships its former employee established and/or nurtured while employed by the employer ([cit.]), and is entitled to protect itself from the risk that a former employee might appropriate customers by taking unfair advantage of the contacts developed while working for the employer. [Cits.]

*W. R. Grace &c. v. Mouyal*, supra at 466 (2). To protect this "legitimate business interest," it may have been reasonable for appellant simply to have restricted appellee's proscribed post-employment competitive activity to the limited number of licensees for whom he had performed services during his employment, without designating the specific geographic location of those licensees.

> Requiring an express geographic territorial description in all cases is not in keeping with the reality of the modern business world in which an employee's "territory" knows no geographic bounds . . . .

*W. R. Grace &c. v. Mouyal*, supra at 467 (2). Likewise, it may have been reasonable for appellant simply to have restricted appellee's proscribed post-employment competitive activity to the limited number of licensees for whom he had performed services "anywhere in the United States of America" during his employment, "as the technology of today permits an employee to service clients located throughout the country and the world." *W. R. Grace &c. v. Mouyal*, supra at 467 (2). However, "a prohibition against doing business with *any* of an employer's customers, whether or not a relationship existed between the customer and the former employee, is overbroad." (Emphasis in original.) *W. R. Grace &c. v. Mouyal*, supra at 467 (2), fn. 2. It was, therefore, unreasonable for appellant to restrict appellee's proscribed post-employment competitive activity to "any" of its licensees "anywhere in the United States of America," without regard to whether appellee had ever had contact with those licensees during his employment. It follows that the trial court correctly found the non-competition restrictive covenant to be unreasonable and, thus, unenforceable. To the extent that *Hart v. Marion A. Allen, Inc.*, 211 Ga. App. 431 (440 SE2d 26) (1993) is inconsistent with *W. R. Grace &c. v. Mouyal*, supra, or the holding herein, it is overruled.

2. In his employment contract, appellee further agreed that he would not

> use or disclose any trade secrets of [appellant] at any time except as necessary to perform [his] duties for [appellant and would] not . . . use or disclose any confidential business information until 10 years after the termination of [his] employment, except as necessary to perform [his] duties for [appellant]. These restrictions do not apply to any information generally available to the public or any information properly obtained from a completely independent source.

Contrary to the holding of the trial court, this non-disclosure restrictive covenant, which is strictly limited to appellant's "trade secrets"

and "confidential business information," is not unreasonable. See *U3S Corp. of America v. Parker*, 202 Ga. App. 374, 377 (2) (a) (414 SE2d 513) (1991). Compare *Nasco, Inc. v. Gimbert*, 239 Ga. 675, 676 (3) (238 SE2d 368) (1977).

Nevertheless, the grant of an interlocutory injunction would not be authorized unless appellant made a showing of appellee's actual or threatened breach of the restrictive covenant. As discussed in Division 1, the mere fact that appellee may be servicing appellant's already existing software demonstrates neither an actual nor a threatened use or disclosure of appellant's "trade secrets" or "confidential business information." Insofar as the evidence shows that independent contractors who are not former employees of appellant are currently servicing appellant's software, the requisite knowledge to do so presumably is "generally available to the public or . . . properly obtained from a completely independent source." Moreover, appellant's licensees are themselves bound by a non-disclosure restrictive covenant in their licensing agreements with appellant. Therefore, the fact that appellee merely services appellant's already existing software for appellant's licensees does not constitute an additional actual or threatened risk of an unauthorized use or disclosure of appellant's "trade secrets" or "confidential business information." It follows that the trial court did not abuse its discretion in denying an interlocutory injunction as to the non-disclosure restrictive covenant.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 26, 1994.

*Gambrell & Stolz, Irwin W. Stolz, Jr., Seaton D. Purdom,* for appellant.

*Sharon J. Strange Stepler,* for appellee.