## A96A0081. DARUGAR v. HODGES.
(471 SE2d 33)

RUFFIN, Judge.

In this action involving the enforcement of a non-competition clause in an employment contract between two physicians, defendant B. Barry Darugar appeals the trial court's grant of plaintiff Elaine S. Hodges' motion for an injunction. We affirm.

In July 1991, Hodges and Oconee Medical & Surgical Associates, P.C. ("the corporation") entered into the employment agreement at issue. Darugar executed the contract as the corporation's president and Deborah Darugar signed as its secretary. The agreement, which was to continue in force for ten years, set out Hodges' duties, benefits, and compensation, including a provision for the gradual acquisition of up to 20 percent of the corporate stock. The agreement contained a non-competition clause which prohibited Hodges from competing with Darugar for two years following the agreement's termination.

In 1995, Hodges notified Darugar of her desire to terminate the agreement. Darugar subsequently informed her of his intent to enforce the non-competition provision.

Hodges then filed this action against Darugar in his individual capacity, alleging that (1) because Oconee Medical & Surgical Associates, P.C. was not a professional corporation or entity entitled to contract, the entire agreement was void, and (2) Darugar defrauded her by promising her stock in a non-existent corporation. She sought damages and injunctive relief to prevent Darugar from enforcing the non-competition agreement. Darugar answered and counterclaimed for breach of contract and slander, seeking damages and injunctive relief. One of Darugar's professional corporations, B. Barry Darugar, M.D., F.A.C.S., P.C., moved to intervene without opposition.

After a hearing, the trial court enjoined Darugar from enforcing the contract, finding that it was void because Oconee Medical & Surgical Associates, P.C. was not a party able to contract. In reaching this conclusion, the court noted that Oconee Medical & Surgical Associates, P.C. had defended an earlier lawsuit[1] by arguing that it was not subject to suit because it was "not a partnership, a professional corporation, a professional association, or an entity of any kind. . . ."

Darugar argues that the trial court erred in enjoining him from enforcing the non-competition clause because Oconee Medical & Surgical Associates, P.C. is a trade name for B. Barry Darugar M.D., F.A.C.S., P.C. and is therefore an entity able to contract.

Although trade names are not legal entities, a contract which is otherwise enforceable will not be invalidated merely because it was entered into under a trade name, so long as the underlying entity involved in the agreement is legally capable of contracting. *American Express &c. Co. v. Berlye*, 202 Ga. App. 358, 359 (1) (414 SE2d 499) (1991); see OCGA § 10-1-491 (failure to register a trade name does not invalidate an otherwise acceptable contract). This is because the trade name is merely descriptive of the underlying entity. Id. This rule applies even when the trade name used is not totally identical to the registered name, so long as the identities of the registered trade name and underlying entity are "clear or can be ascertained by proof." (Emphasis omitted.) *Atlanta Indoor &c. v. World Class Fitness*, 213 Ga. App. 295, 296 (1) (444 SE2d 385) (1994). Given the descriptive purpose of trade names, " '[i]f one undertakes an obligation in a fictitious or trade name, the obligation is his own individually. [Cit.]' [Cit.]" *Berlye*, 202 Ga. App. at 360 (1).

The record shows that "B. Barry Darugar" registered the trade name "Oconee Medical & Surgical Assoc" in 1988. It appears that "Oconee Medical & Surgical Associates, P.C." is a misnomer for the registered trade name. Darugar is clearly an entity capable of contracting. Because Darugar acted in his individual capacity when he registered the trade name, we find that he entered into the contract in his individual capacity. Therefore, the trial court erred in concluding that the contract was void.

However, we agree with Hodges that the non-competition clause was unreasonable. Non-competition clauses in employment contracts, disfavored as covenants deemed in partial restraint of trade, are enforceable only "if they are reasonable, founded on a valuable consideration, . . . reasonably necessary to the protected interest,

---

[1] According to the trial court, the previously filed lawsuit involved allegations by a former patient that Darugar committed acts of sexual misconduct and over-prescribed drugs.

[and] do not unduly prejudice the public interest." *American Gen. Life &c. Ins. Co. v. Fisher*, 208 Ga. App. 282, 283 (1) (430 SE2d 166) (1993).

A non-competition clause's reasonableness "is determined by 'analyzing it in terms of time, territorial effect, and the business interest of the employer sought to be protected. (Cit.)' [Cit.]" *Sunstates Refrigerated Svcs. v. Griffin*, 215 Ga. App. 61, 62 (2) (449 SE2d 858) (1994). Consideration must also be given to the employee's right to earn a living and ability to determine with certainty the boundaries of the geographic area in which her post-employment activities are restricted. *Vortex Protective Svc. v. Dempsey*, 218 Ga. App. 763, 765-766 (2) (463 SE2d 67) (1995). These considerations must be balanced against the employer's concurrent interest in the customer relationships its former employee established at work and its right to protect itself from the risk that the former employee might use contacts so cultivated to unfairly appropriate customers. *W. R. Grace & Co., Dearborn Div. v. Mouyal*, 262 Ga. 464, 465 (2) (422 SE2d 529) (1992). However, a restriction against doing business with *any* of an employer's potential customers located in a specific geographical area, without regard to whether the employee ever made contacts with those prospects, is overbroad and unreasonable. *Vortex*, supra at 766.

In the clause at issue, Hodges agreed to refrain from competing with her employer for two years "anywhere within a 25 mile radius of Putnam County, Georgia in the practice of medicine and surgery. . . ." The provision also stated that "[e]mployer has established and currently engages in the Practice of Medicine and Surgery within a 25 mile radius of Eatonton, Putnam County, Georgia."

The clause contained no language limiting its application to those patients or prospective patients Hodges encountered during her employment with Darugar. Thus, the restriction is overbroad. Id. at 766. Moreover, the contract stated that Hodges' employer practiced medicine within a 25-mile radius of Eatonton, but the restriction extends to a 25-mile radius of Putnam County. Thus, the clause covered territory in which Darugar failed to show he engaged in substantial business. Id. at 766-767. Under these circumstances, we find the non-competition clause unreasonable and, therefore, unenforceable. Accordingly, we affirm the trial court's order granting Hodges' motion for an injunction. A judgment right for any reason will be affirmed. *Mail & Media v. Rotenberry*, 213 Ga. App. 826, 832 (446 SE2d 517) (1994).

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

230

DECIDED MAY 2, 1996.

*Lawrence, Ford & Ridgeway, George D. Lawrence, Francis N. Ford,* for appellant.
*Huskins & Huskins, Donald W. Huskins,* for appellee.