A96A2227. CHAICHIMANSOUR et al. v. PETS ARE PEOPLE TOO,
NO. 2, INC.
(485 SE2d 248)

POPE, Presiding Judge.
Plaintiff Pets Are People Too hired defendant Suzanne Chaichimansour as the manager of one of its veterinary clinics and as a veterinarian. In her employment contract, Chaichimansour agreed that for two years following termination of her employment, she would not manage a veterinary clinic or work as a veterinarian within five miles of the clinic she managed (and at which she worked as a veterinarian) for plaintiff. Nevertheless, she voluntarily left her job and through defendant Best Friend Veterinary Services, Inc.,

purchased Northeast Expressway Animal Clinic, Inc., an existing veterinary practice located within five miles of plaintiff's clinic. Plaintiff brought this action to enjoin Chaichimansour from managing or providing veterinary services at the newly purchased clinic, and the trial court granted plaintiff's request for a permanent injunction. Concluding that the covenant not to compete is reasonable and enforceable, we affirm.

1. Defendants argue that the covenant not to compete is overbroad, and thus unenforceable, because it prevents Chaichimansour from serving clients whom she never saw or had contact with while employed by plaintiff.

Covenants not to compete in employment contracts are enforceable if they are reasonable in terms of duration, territorial coverage, and the scope of activity precluded, considering the legitimate business interests the employer seeks to protect and the effect on the employee. See *W. R. Grace & Co. v. Mouyal*, 262 Ga. 464 (1) (422 SE2d 529) (1992); *Watson v. Waffle House*, 253 Ga. 671 (2) (324 SE2d 175) (1985). Using this analysis, we have enforced covenants at least as restrictive as this one, including covenants which precluded competition with respect to clients with whom the employee had not had contact while working for the employer. See, e.g., *Delli-Gatti v. Mansfield*, 223 Ga. App. 76, 78 (3) (477 SE2d 134) (1996) (no provision of medical services for twelve months in Upson County); *McAlpin v. Coweta Fayette Surgical Assoc., P.C.*, 217 Ga. App. 669, 672 (2) (458 SE2d 499) (1995) (no practice of medicine or surgery for two years in ten-county area, including part of Atlanta); *Annis v. Tomberlin & Shellnutt Assoc.*, 195 Ga. App. 27, 30 (2) (392 SE2d 717) (1990) (no participation in competitive business for three years within fifty-mile radius); *Moore v. Preferred Research*, 191 Ga. App. 26 (381 SE2d 72) (1989) (no pursuit of similar business for one year in twenty-five-mile radius of any of employer's places of business).

In support of their argument that the covenant is overbroad because it precludes competition with respect to clients with whom Chaichimansour did not deal while employed by plaintiff, defendants cite *Darugar v. Hodges*, 221 Ga. App. 227, 229 (471 SE2d 33) (1996) and *Vortex Protective Svc. v. Dempsey*, 218 Ga. App. 763, 766 (2) (a) (463 SE2d 67) (1995), in which we did hold covenants overbroad on this ground. *Vortex* and *Darugar* in turn relied on *W. R. Grace & Co.*, 262 Ga. at 466-467 (2), in which the Supreme Court said that "the prohibition against post-employment solicitation of *any* customer of the employer located in a specific geographic area is an unreasonable and overbroad attempt to protect the employer's interest in preventing the employee from exploiting the personal relationship the employee has enjoyed with the employer's customers." But this quote was preceded by the statement that a restriction *is* enforceable as a

legitimate protection of the employer's interest as long as it relates only to a specific area in which the employee actually did business for the employer prior to termination. Id. at 466.

The Court in *W. R. Grace & Co.* examined a covenant which had no geographical limitation but restricted only the employee's contact with clients the employee had contacted while working for the employer. In concluding that the covenant was reasonable, it did *not* hold that all covenants must restrict only the employee's contact with clients with whom he or she had contact while working for the employer in order to be reasonable. Rather, it focused on the interplay between the territorial limitation and the scope of the prohibition: if the scope of prohibited behavior is narrow enough (e.g., contacting those with whom the employee dealt while working for the employer), the covenant may be reasonable even if it has no territorial limitation or has a territorial limitation which is very broad.[1] But if the scope of the prohibition is broader, the territorial limitation must be specified and closely tied to the area in which the employee actually worked.

In this case, the territorial limitation is specific, narrow, and closely tied to where Chaichimansour actually worked for plaintiff up until the time she left.[2] Accordingly, this prohibition is reasonable even though it prohibits her from providing veterinary services to anyone within that limited area, without regard to whether she had contact with them when she was working for plaintiff.

In *Vortex* and *Darugar*, we held that covenants prohibiting competition for clients with whom the employee had not had a business relationship while employed by the employer were unreasonable, even though the covenants in those cases did have territorial limitations. It appears that these cases are distinguishable, since unlike the territorial limitation in this case, the territorial limitations in *Vortex* and *Darugar* were somewhat broader than the territory the employee's activities actually covered. But the language in *Vortex* and *Darugar* suggesting that prohibitions on competition with respect to customers or potential customers beyond those with whom the employee dealt during his employment will always be unreason-

---

[1] See *American Software USA v. Moore*, 264 Ga. 480 (448 SE2d 206) (1994) (where territory covered is " 'anywhere in the United States of America,' " prohibition on contacting customers with whom the employee did not have a relationship is too broad to be reasonable).

[2] Compare *Orkin Exterminating Co. v. Walker*, 251 Ga. 536 (307 SE2d 914) (1983) (covenant is overbroad if it is not limited to the employee's contacts and it has geographical restriction which could be read to extend beyond the area in which the employee was actually working just prior to termination); *Singer v. Habif, Arogeti & Wynne, P.C.*, 250 Ga. 376 (1) (297 SE2d 473) (1982) (covenant is overbroad if it is not limited to the employee's contacts and the geographical area is tied to operations of the employer rather than the employee).

able, even if in a specified and reasonable geographic area, is disapproved. See *Darugar*, 221 Ga. App. at 229; *Vortex*, 218 Ga. App. at 766-767.

2. Defendants also contend the covenant not to compete is unenforceable because the employment contract contains an unenforceable liquidated damages provision which cannot be severed. The liquidated damages provision is in a separate paragraph from the covenant not to compete, however, and that provision's reference to the paragraph containing the covenant not to compete does not make it an integral part of that paragraph. Thus, even if we assume the liquidated damages provision is unenforceable, there would be no reason not to give effect to the severability agreement contained in the contract and enforce the contract without the liquidated damages clause. See OCGA § 13-1-8.

*Judgment affirmed. Andrews, C. J., Birdsong, P. J., Beasley, Johnson, Blackburn, Smith, Ruffin and Eldridge, JJ., concur. McMurray, P. J., concurs in part and dissents in part.*

McMURRAY, Presiding Judge, concurring in part and dissenting in part.

1. The majority in Division 1 would "disapprove" language in *Vortex Protective Svc. v. Dempsey*, 218 Ga. App. 763, 765 (2), 766-767 (2) (a) (463 SE2d 67), for "suggesting that prohibitions on competition with respect to customers or potential customers *beyond those with whom the employee dealt* during his employment will always be unreasonable, even if in a specified and reasonable geographic area. . . ." (Emphasis supplied.) Majority opinion, Division 1, p. 71, ante. But that is *precisely* the rationale employed by the Supreme Court in defining the parameters of permissible restrictions in post-employment non-compete covenants. "A restriction relating to the area where the employee did business on behalf of the employer has been enforced as a legitimate protection of the employer's interest (*Puritan/Churchill Chem. Co. v. McDaniel*, [248 Ga. 850, 851 (1) (286 SE2d 297)]; *Howard Shultz & Assoc. v. Broniec*, [239 Ga. 181, 183 (236 SE2d 265)]), but the prohibition against post-employment solicitation of *any* customer of the employer located in a specific geographic area *is* an unreasonable and overbroad attempt to protect the employer's interest in preventing the employee from exploiting the personal relationship the employee has enjoyed with the employer's customers. *Orkin Exterminating Co. v. Walker*, [251 Ga. 536, 538 (2) (307 SE2d 914)], *Singer v. Habif, Arogeti & Wynne*, [250 Ga. 376 (297 SE2d 473)]. Compare *Nunn v. Orkin Exterminating Co.*, 256 Ga. 558[, 559] (1a) (350 SE2d 425) (1986) (where the prohibition against soliciting any customer was limited to the geographic area the employee had serviced while employed by his employer)."

(Emphasis in original and supplied.) *W. R. Grace & Co. v. Mouyal*, 262 Ga. 464, 465 (2), 466-467 (422 SE2d 529). That the Supreme Court did not there overrule *Nunn v. Orkin Exterminating Co.*, 256 Ga. 558, supra, is immaterial, since that court expressly distinguished the *Nunn* case from others where, "[i]n essence, the court held that a prohibition against doing business with *any* of an employer's customers, whether or not a relationship existed between the customer and the former employee, is overbroad. The [Supreme Court] later specifically so held in *Orkin Exterminating Co. v. Walker*, supra." (Emphasis in original.) *W. R. Grace Co. v. Mouyal*, 262 Ga. 464, 465 (2), 467, fn. 2, supra. Indeed, "a restrictive covenant prohibiting a former employee from rendering services to *any* client of the employer *must* contain a territorial restriction expressed in geographic terms because that restriction, which does not take into account whether the employee had a business relationship with that client or whether it was the client who solicited the former employee, *is otherwise unreasonable and overbroad. . . .*" (Emphasis in original and supplied.) Id. at 467, fn. 3, supra. The ban on contact with "any customer" in the *W. R. Grace & Co.* situation expressly " 'provided that the restrictions . . . shall apply only to customers or prospects . . . with which Employee had contact during [the] two-year period [immediately preceding cessation of Employee's employment],' " and so is not truly a forbidden blanket prohibition. Id. at 464. The Supreme Court has recently stated without qualification, " 'a prohibition against doing business with *any* of an employer's customers, whether or not a relationship existed between the customer and the former employee, is overbroad.' (Emphasis in original.) [Cit.]" *American Software USA v. Moore*, 264 Ga. 480 (1), 483 (448 SE2d 206).

In my view, the case sub judice is not a proper vehicle for "disapproving" language from the Supreme Court authorities applied in *Vortex Protective Svc. v. Dempsey*, 218 Ga. App. 763, 765 (2), 766 (2) (a), supra. In *Vortex*, the post-employment restrictive covenant specified a readily identifiable geographical limitation but contained "no language limiting the application of this restriction to those customers or prospective customers [that employee had] contacted during his employment with Vortex." Id. at 766. It is the continuing viability of *Nunn v. Orkin Exterminating Co.*, 256 Ga. 558, 559 (1) (a), supra, (or perhaps its application) that should be questioned in light of the Supreme Court's subsequent holdings. But the responsibility to "disapprove" language taken from an applicable Supreme Court decision does not rest with this Court.

2. As to the merits of Division 1 of the majority, I concur in the judgment only that the restrictive covenant in this case, involving practitioners of a learned profession, is reasonable in time and scope, and so is enforceable among parties of roughly equal bargaining

power and acumen. See *Rash v. Toccoa Clinic Med. Assoc.*, 253 Ga. 322, 324 (2), 325 (320 SE2d 170); *Delli-Gatti v. Mansfield*, 223 Ga. App. 76, 78 (3), 80 (477 SE2d 134).

DECIDED MARCH 20, 1997 —
RECONSIDERATIONS DENIED APRIL 4, 1997 — 

 Before Judge Wheeler.

*Garcia & Powell, Ralph W. Powell, Jr., John W. Daniel*, for appellants.

*James P. McCrary*, for appellee.