A07A0474. JOHNSON et al. v. UNIFIED RESIDENTIAL DEV. CO., INC.
(648 SE2d 163)

MIKELL, Judge.

Unified Residential Dev. Co., Inc. ("Unified") filed a complaint seeking specific performance, or in the alternative, damages, against John Michael Johnson, Athena Danyle Johnson, and John Oliver Johnson (the "sellers"), alleging that they breached two contracts requiring them to sell two parcels of land to Unified. The sellers filed an answer and counterclaim, as well as a motion to dismiss. The parties filed cross-motions for summary judgment. The trial court denied the sellers' motions to dismiss and for summary judgment and granted summary judgment to Unified on its claim that it was entitled to a decree of specific performance.[1] The sellers appeal, asserting primarily that the contracts were unenforceable as a matter of law because they lacked mutuality. We disagree and affirm.

"On appeal from a grant of a motion for summary judgment, we review the evidence de novo, viewing it in the light most favorable to the nonmovant, to determine whether a genuine issue of fact remains and whether the moving party is entitled to judgment as a matter of law."[2] So viewed, the record shows that on September 9, 2002, Unified and the sellers entered into two contracts for the sale of contiguous parcels of land in Henry County. The contracts were identical except for the acreage involved; John Oliver Johnson owned 77.252 acres,

---

[1] Unified also filed a motion seeking attorney fees, which remains pending in the trial court.

[2] (Citation omitted.) *Goobich v. Waters*, 283 Ga. App. 53, 55 (1) (640 SE2d 606) (2006).

and John Michael Johnson and Athena Danyle Johnson owned 4.188 acres. The purchase price in each contract was $12,279 per acre.

Unified's obligation to close each contract was conditioned upon Unified having

> caused the Property to be rezoned by the appropriate County authorities having jurisdiction thereof . . . from its present zoning classification to a zoning classification which would permit the construction, development, operation and use of the Property in accordance with said zoning ordinances and plan of development to be prepared by [Unified]. . . . [Unified] shall file . . . and thereafter diligently pursue its application for the rezoning of the Property. . . . [T]he rezoning of the Property shall be deemed to be "Final" at such time as the rezoning of the Property has been unconditionally granted (subject only to the plan of development in form acceptable to [Unified]), or granted subject only to such other conditions as are reasonably acceptable to [Unified].

On November 11, 2002, the sellers signed letters granting Unified permission to act as their agent to rezone the properties. According to Andrew Been, Unified's vice-president, Unified filed a rezoning application on December 27, 2002, but the Henry County Board of Commissioners denied the application on July 1, 2003. Unified filed a timely appeal in the Superior Court of Henry County, which remains pending. During the pendency of the zoning appeal, the sellers sent a letter to Unified, which stated in pertinent part:

> This letter is to give [Unified] notice that [the sellers] hereby revoke the right of [Unified] to act as agent on their behalf. Specifically, [the sellers] withdraw their permission for [Unified] to act as agent to rezone their property from RA to R2. . . . Additionally, this letter is to give notice that [Unified] has breached those certain Purchase Agreement[s] referenced above by failing to exercise due diligence in the application for the rezoning of the above property as required by said contracts and is in default.

The sellers sent the letter on December 20, 2004, and Unified responded by letter on December 23, contending that it had diligently pursued rezoning of the properties, including seeking a declaration that the present zoning was unconstitutional. Further, the letter stated that even if Unified were in default, it was curing the default by waiving the contingency and scheduling closing for the following Monday, December 27.

The contractual default provision invoked by Unified states, in relevant part:

> Seller agrees to provide [Unified] with written notice of any default specifying the nature of said default. Upon receiving such notice [Unified] shall have a five day period to cure said default. If [Unified] does not cure said default within this five day period . . . this Agreement shall terminate and all Earnest Money paid hereunder prior to [Unified's] default shall be retained by the Seller as full liquidated damages.

Been averred that he appeared at the office of his counsel on the date and time of the scheduled closing, but the sellers did not appear. Been made a full tender of closing documents and testified that he had immediate funds available to close the transactions. On December 29, the sellers filed a dismissal without prejudice in the Henry County zoning appeal, leaving Unified as the sole plaintiff. The dismissal states that it has been "filed on the bases that the underlying contract has been terminated and [the sellers] have revoked [Unified's] authority to act as agent on their behalf in regards to the rezoning of the property which is the subject of this case." Unified filed this action for specific performance on January 11, 2005.

1. In challenging the trial court's rulings on the parties' cross-motions for summary judgment, the sellers assert that the contracts were unenforceable. They contend that the contracts lacked mutuality of obligation because they were conditioned upon Unified obtaining rezoning of the parcels in a form acceptable to Unified. We disagree.

It is true that, "[a]s a general rule, contracts conditioned upon discretionary contingencies lack mutuality and are unenforceable."[3] For example, in *Stone Mountain Properties v. Helmer*,[4] the buyer conditioned his obligation to purchase real estate on his ability to obtain approval from a railroad to run a spur line into the property at a location satisfactory to the buyer.[5] We found that this condition deprived the contract of mutuality because the buyer was the sole judge of his satisfaction regardless of whether there existed reasonable and sufficient grounds for such dissatisfaction.[6] We further

---

[3] (Footnote omitted.) *Lee v. Green Land Co.*, 245 Ga. App. 558, 560 (1) (538 SE2d 189) (2000).

[4] 139 Ga. App. 865 (229 SE2d 779) (1976).

[5] Id.

[6] Id. at 868 (1). See also *Stribling v. Ailion*, 223 Ga. 662, 663 (1) (157 SE2d 427) (1967) (contract unenforceable where defendant had sole discretion to decide whether plaintiff's credit was satisfactory).

noted that "where the company reserved to itself the question of satisfaction, it would be changing the contract to hold that what would satisfy a reasonable man would answer the terms of the contract."[7] Similarly, we held in *Charter Investment &c. Co. v. Urban Med. Svcs.*[8] that when one party to a contract has *"untrammeled* discretion" to decide whether a cost to be determined in the future is feasible, the contract generally lacks mutuality.[9]

Such is not the case here. According to the zoning clause in the contracts in the case at bar, Unified was not obligated to close until "rezoning of the Property has been unconditionally granted (subject only to the plan of development in form acceptable to [Unified]), *or* granted subject only to such other conditions as are *reasonably* acceptable to [Unified]."[10] We find the language of this provision clear and unambiguous; thus, we look to the contract alone to determine its meaning.[11] According to the clear terms of the zoning condition, Unified was obligated to close the contracts if the application to rezone either was unconditionally granted, or was granted subject to conditions that were *reasonably* acceptable to Unified. Unified could not unreasonably refuse to accept conditional rezoning. In other words, such conditions as "would satisfy a reasonable [person] would answer the terms of the contract."[12] The contracts at issue in this case thus are distinguishable from the one under consideration in *Stone Mountain Properties*, and they do not lack mutuality.

In addition, subsequent to *Stone Mountain Properties*, our Supreme Court held that "a discretionary contingency placed in a real estate sales contract for the buyer's protection does not render the contract unenforceable for lack of mutuality, where the buyer has provided consideration for the contract by paying earnest money."[13] Thus, "where there is any consideration for a contract (other than mutual promises) so that each promise does not depend upon the other for consideration, mutuality of obligation is not essential."[14]

---

[7] (Citation and punctuation omitted.) *Stone Mountain Properties*, supra at 869 (1).

[8] 136 Ga. App. 297 (220 SE2d 784) (1975).

[9] (Citation omitted; emphasis supplied.) Id. at 298, 299 (3), (5) ("lender was not obliged to close unless all stipulations capable in its exclusive judgment of being satisfied prior to the closing had been satisfied").

[10] (Emphasis supplied.)

[11] See, e.g., *Chowhan v. Miller*, 283 Ga. App. 749, 750 (642 SE2d 428) (2007).

[12] (Citation and punctuation omitted.) *Stone Mountain Properties*, supra.

[13] *Tuggle v. Wilson*, 248 Ga. 335, 336 (1) (282 SE2d 110) (1981), citing *Brack v. Brownlee*, 246 Ga. 818-819 (273 SE2d 390) (1980). Accord *Ashkouti v. Widener*, 231 Ga. App. 539, 541-542 (3) (500 SE2d 337) (1998) (buyer permitted to waive contractual zoning condition because that condition was placed in the agreement for his benefit).

[14] (Punctuation omitted.) *Surman v. Blansett*, 246 Ga. App. 183, 185-186 (1) (539 SE2d 890) (2000), citing *Brack*, supra at 819.

Here, Been averred that Unified deposited $4,000 in earnest money with an escrow agent upon execution of its contract with John Michael Johnson and Athena Danyle Johnson and $20,000 in earnest money upon signing the contract with John Oliver Johnson. Mutuality of obligation was not essential.

In any event, "the test of mutuality is to be applied as of the time the contract is to be enforced. If a buyer brings suit for specific performance of a real estate sales contract, waiving a contingency placed in the contract for his benefit, it cannot be said that the contract lacks mutuality at the time suit is brought."[15] In the case at bar, Unified notified the sellers that it waived the zoning contingency and that Unified was ready, willing and able to pay for the properties without obtaining rezoning.[16] The contracts are enforceable; they do not lack mutuality of obligation.

2. The sellers further argue that the contracts at issue were mere options to purchase, which did not become enforceable until the zoning condition was met. Again, we disagree. "An option to purchase land is a contract where an owner agrees with another person that he shall have the right to purchase the described property within a specified time period at a fixed price, on agreed terms and conditions."[17]

> An option contract, by its nature unilateral and executory because of the complete discretion granted to the holder of the option, is converted into a sales contract enforceable by the seller only when the holder gives notice of the election to buy the property at the price and on the terms stated in the option contract.[18]

The contracts at issue do not meet this definition because, as explained in Division 1, Unified was obligated to buy the properties if rezoning were granted, if not unconditionally, then upon conditions reasonably acceptable to it. In other words, Unified did not have complete discretion to reject conditional rezoning. In any event,

---

[15] (Citations omitted.) *Tuggle*, supra, citing *Wehunt v. Pritchett*, 208 Ga. 441, 443 (67 SE2d 233) (1951).

[16] See *Whitley v. Patrick*, 226 Ga. 87, 89 (3) (172 SE2d 692) (1970) (financing contingency waived). Compare *Covington v. Countryside Investment Co.*, 263 Ga. 125, 126 (1) (428 SE2d 562) (1993) (contingency not waived, and contract unenforceable, where there was no evidence that appellants made unconditional tender of purchase price).

[17] (Citation and emphasis omitted.) *Jakel v. Fountainhead Dev. Corp.*, 243 Ga. App. 844, 846 (534 SE2d 199) (2000), citing *Chatham Amusement Co. v. Perry*, 216 Ga. 445, 446 (1) (117 SE2d 320) (1960).

[18] (Citations omitted.) *Kent v. Graham Commercial Realty*, 279 Ga. App. 537, 543 (2) (631 SE2d 753) (2006).

Unified waived the condition and stood ready, willing and able to close the contracts. They were not unenforceable options.

3. The sellers next argue that the trial court erred in granting summary judgment because a genuine issue of material fact remains as to whether Unified exercised due diligence in pursuing the application to rezone the properties. This argument fails, because in reviewing a ruling on summary judgment, "we are concerned only with disputes over material facts,"[19] and whether or not Unified exercised due diligence is not a material fact that would change the outcome of this case.[20] Even if Unified had been in default for failing to exercise due diligence, as claimed by the sellers in their letter of December 20, 2004, the default provision in the parties' contracts gave Unified five days in which to cure the default, and the evidence conclusively established that Unified timely cured the alleged default. Been averred that he received the sellers' letter on December 22, that he responded on December 23 by waiving the zoning contingency and scheduling a closing, and that Unified, through Been, appeared at the scheduled closing on December 27 and was ready, willing and able to pay the sellers the contract price. Although the sellers complain that Unified did nothing to pursue the Henry County appeal, they have pointed to no evidence in the record showing that they raised any objection to the progress of the appeal prior to the letter of December 20, 2004. It follows that any alleged failure by Unified to exercise due diligence did not preclude the grant of summary judgment in its favor.

4. The sellers contend that Unified was not entitled to summary judgment because a genuine issue of material fact remains as to whether the purchase price was equitable. "[I]n order for a suit for specific performance of a contract for the sale of land to prevail, the plaintiff must prove the value of the property so as to enable the court to determine that the contract was fair, just and not against good conscience."[21] The adequacy of the price is a question which generally is decided by the judge sitting as the trier of fact,[22] given that there is no right to a jury trial in equity cases.[23]

Georgia law requires proof that the price is fair so that the trial court may exercise its sound discretion in deciding whether equity

---

[19] (Footnote omitted.) *DeRossett Enterprises v. Gen. Elec. Capital Corp.*, 275 Ga. App. 728, 731 (2) (621 SE2d 755) (2005).

[20] See id., citing *Nat. Business Acquisitions v. Mandula*, 245 Ga. App. 14, 15 (1) (537 SE2d 162) (2000).

[21] (Citations omitted.) *Moody v. Mendenhall*, 238 Ga. 689, 692-693 (6) (234 SE2d 905) (1977).

[22] *Surman*, supra at 186 (2).

[23] See *Clayton v. Deverell*, 257 Ga. 653, 656 (6) (362 SE2d 364) (1987).

should enforce the original contract between the parties. The adequacy of price "is measured at the time the parties enter into a contract, not at the time of any alleged breach."[24] On the issue of price, Unified submitted an affidavit from Been, who averred that he has been engaged in the business of buying property for developing single-family residential subdivisions since 1984; that he has particular knowledge of real estate values in Henry County and in tracts similar to the one at issue; and that based on his knowledge and experience, $12,279 per acre for the property at issue represents its fair market value under its existing zoning. Although the sellers argued at the hearing on the parties' motions that the purchase price was inadequate, they offered no evidence in response to Been's affidavit. Under these circumstances, the trial court correctly exercised its discretion and granted specific performance.[25]

5. Finally, the sellers challenge the denial of their motion to dismiss, which asserted that the entity with whom they entered into the contracts, "Unified Residential, Inc.," did not exist as a corporation and as a result, did not have standing to sue them.[26] The sellers are correct that, according to records from the Secretary of State's office, a corporate entity called "Unified Residential, Inc." does not exist in Georgia. But, as Unified points out, the action was filed by the proper corporate entity, "Unified Residential Dev. Co., Inc." The record contains a copy of the certificate of existence of this corporation as well as a copy of its certificate of incorporation.

The use of the name "Unified Residential, Inc." in the contracts is a mere misnomer that does not render them unenforceable.

> [A] mere misnomer of a corporation in a written instrument, or in a law, or in a judicial proceeding is not material or vital in its consequences, if the identity of the corporation intended is clear or can be ascertained by proof. A corporate name usually consists of several words, and an omission of one or more is not so likely to confuse and mislead, or to hide the identity of the entity intended, as would be the case as to natural persons.[27]

---

[24] (Citation omitted.) *Stinchcomb v. Wright*, 278 Ga. App. 136, 139 (2) (a) (628 SE2d 211) (2006).

[25] Compare *Moody*, supra at 693 (6) (case remanded for determination of this issue because there was nothing in the record to show that the price was fair).

[26] See OCGA § 14-2-302 (1), which gives every corporation the power "[t]o sue, be sued, complain, and defend in its corporate name."

[27] (Citations, punctuation and emphasis omitted.) *Hawkins v. Turner*, 166 Ga. App. 50, 51-52 (1) (303 SE2d 164) (1983). Accord *Atlanta Indoor &c. v. World Class Fitness*, 213 Ga. App. 295, 296 (1) (444 SE2d 385) (1994).

In this case, the only misnomer was the omission of the words "Dev. Co." from the name "Unified Residential Dev. Co., Inc." in the parties' contracts. The identity of the corporation was properly proved. The misnomer does not estop Unified from maintaining this action, as the sellers contend. The trial court did not err in denying the motion to dismiss.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JUNE 15, 2007.

*Power, Futch & Cooper, Warren R. Power, Michael P. Bain,* for appellants.

*Schreeder, Wheeler & Flint, David H. Flint, Mark W. Forsling,* for appellee.