## A07A0287. BEACON SECURITY TECHNOLOGY, INC. et al. v. BEASLEY.
### (648 SE2d 440)

MILLER, Judge.

Beacon Security Technology, Inc. and its owner, Andrew H. Harris, (collectively, "Beacon Security") sought temporary and permanent injunctions to prevent Jamie T. Beasley from violating a covenant not to compete, signed by Beasley during his employment with Beacon Security. The trial court denied Beacon Security's motion, and Beacon Security appeals. Finding that the covenant not to compete was overbroad and unenforceable, we affirm.

Whether the restraint on trade imposed by a covenant not to compete is reasonable is a question of law for determination by the court. *W. R. Grace & Co. v. Mouyal*, 262 Ga. 464, 465 (1) (422 SE2d 529) (1992). This Court reviews rulings on such questions of law de novo. *Tachdjian v. Phillips*, 256 Ga. App. 166, 168 (568 SE2d 64) (2002). Moreover, the grant or denial of an injunction "shall always rest in the sound discretion of the judge, according to the circumstances of each case." OCGA § 9-5-8. See also *Wright v. Intercounty Properties*, 238 Ga. 492, 494 (233 SE2d 160) (1977) ("Large discretion is vested in a trial judge in granting an injunction, and unless some principle of substantial equity has been violated, this court will not control that discretion.") (citation omitted).

Here, the record shows that Beacon Security is engaged in the business of selling, leasing, and servicing burglar and fire alarms, closed circuit televisions, intercoms, telephone and television hook-up, central vacuum, and medical alert systems. Beacon Security hired Beasley on February 10, 1999 to sell, lease, and service such systems. At that time, Beasley signed an "Employee's Covenant Not to Compete," in which he agreed

> that upon termination of my employment . . . I will not directly or indirectly, in Spalding, Henry, Butts, Lamar, Pike, Fayette, and Clayton Counties, Georgia, enter into or engage generally in direct competition with the Employer in the business of selling, leasing, or servicing burglar & fire alarms, Closed Circuit TV, Intercoms, Telephone & TV Hook ups, Central Vacs, and Medical Alert, or other Security systems of a type which would be in direct competition with those marketed and serviced by the Employer at the time of my termination, either as an individual on my own or as a partner or joint venture, or as an employee or agent for my

person or as an officer, director, or shareholder of a corporation[,] for a period of two years after the date my employment terminates.[1]

On July 22, 2005, Beasley terminated his employment with Beacon Security and immediately began working for one of its competitors. Beasley admits that he has engaged in direct competition with Beacon Security in the counties specified in the covenant not to compete by selling, leasing, or servicing the type of security systems offered by Beacon Security. He claims, however, that the covenant not to compete is unenforceable as an unreasonable restraint on trade.

Where a covenant not to compete is entered into in connection with employment, strict scrutiny is applied in considering the enforceability of such covenant. See, e.g., *Holsapple v. Smith*, 267 Ga. App. 17, 19 (1) (599 SE2d 28) (2004). In determining the reasonableness of the covenant, the court considers

the nature and extent of the trade or business, the situation of the parties, and all the other circumstances. A three-element test of duration, territorial coverage, and scope of activity has evolved as a "helpful tool" in examining the reasonableness of the particular factual setting to which it is applied.

(Citations and punctuation omitted.) *W. R. Grace & Co.*, supra, 262 Ga. at 465 (1).

In *W. R. Grace & Co.*, the Supreme Court of Georgia examined a covenant that had no geographical limitation but restricted only the employee's contact with clients the employee had contacted while working for the employer. Here, in contrast, the covenant proscribes Beasley from performing the listed works for *anyone* in an eight-county region, regardless of whether Beasley had contacted such persons while working for Beacon Security.

In *Chaichimansour v. Pets Are People Too, No. 2*, 226 Ga. App. 69, 71-72 (1) (485 SE2d 248) (1997), this Court held that prohibitions on competition with respect to customers or potential customers beyond those with whom the employee dealt during his employment will not always be considered unreasonable. Instead, courts must "focus[ ] on

---

[1] Notably, the covenant not to compete was substantially identical to a covenant not to compete that was executed by Harris in 1984, when Harris was an employee of Vortex Protective Service, Inc. Vortex sued Harris for violating such covenant after he voluntarily terminated his employment with Vortex and began conducting business as Beacon Security Technology, and Harris claimed that the covenant not to compete was unenforceable.

the interplay between the territorial limitation and the scope of the prohibition." Id. at 71 (1). A broad territorial limitation may be reasonable if the scope of prohibited behavior is sufficiently narrow.

Here, the covenant prohibits Beasley from "directly or indirectly . . . engag[ing] generally in direct competition with the Employer in the business of selling, leasing, or servicing [the listed systems], either as an individual [or in any of the other listed capacities]" within the eight-county area. While Harris testified that the eight counties were "the main counties that we worked in," he also claimed that Beasley worked in each of those counties while employed by Beacon Security. See *Singer v. Habif, Arogeti & Wynne*, 250 Ga. 376, 377 (1) (297 SE2d 473) (1982) (covenant is overbroad if it is not limited to the employee's contacts and the geographical area is tied to operations of the employer rather than the employee).

Beacon Security failed to introduce any evidence, however, to establish that Beasley performed each of the prohibited activities in each of the eight listed counties. For example, Harris testified that, while an employee of Beacon Security, Beasley serviced a security system for a grocery store in Butts County. He did not offer any testimony to show that Beasley sold or leased any security systems in Butts County or that Beasley had sold, leased, or serviced any of the other systems included in the covenant not to compete, such as central vacuum and medical alert systems.

While Harris testified that the covenant not to compete was necessary to protect Beacon Security's customer base, the restrictions contained in the covenant went further than necessary to achieve such business interest. See *Marcoin, Inc. v. Waldron*, 244 Ga. 169, 171 (2) (259 SE2d 433) (1979). The covenant prohibits more than the active solicitation or diversion of Beacon Security clients and thereby overprotects Beacon Security's interests while unreasonably restricting Beasley as well as the public's ability to choose the professional services it prefers. See *Singer*, supra, 250 Ga. at 377-378 (1).

A covenant not to compete is unenforceable if it unduly restricts the former employee's right to earn a living; the former employee need not show, as suggested by Beacon Security, that the covenant would completely deny him or her of such rights. See *Brunswick Floors v. Guest*, 234 Ga. App. 298 (506 SE2d 670) (1998). As a result, the trial court did not abuse its discretion in refusing to grant Beacon Security's request for an injunction against Beasley.

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED JUNE 20, 2007.

*Dietrick, Evans, Scholz & Williams, Rickman P. Brown, Scott E. Tinnon, Richard L. Collier*, for appellants.

*Johnston, Owen & Bullard, William G. Johnston III*, for appellee.